SALVATORE CHARLES BATTIATO, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 11715

May 16, 1979                                    594 P.2d 1152

*Patrick R. Doyle,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Steven J. Parsons,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A criminal complaint was filed in the district court alleging that on April 4, 1978, appellant committed the offense of battery on a police officer, a misdemeanor (NRS 200.481). Appellant petitioned the district court for a pretrial writ of habeas corpus contending that the district court was without jurisdiction to try the charges because (1) jurisdiction of misdemeanor offenses is vested in the justice's court, and (2) even if the district court had jurisdiction of the offense, the prosecutor could not proceed by complaint. The writ was denied and appellant perfected this appeal.

1. The district courts of the State of Nevada have original jurisdiction of all criminal cases except as otherwise provided by law. *See* Nev. Const. art. 6, § 6; NRS 3.190(1)(g). The jurisdiction of the justices' courts, however, is fixed by the legislature. *See* Nev. Const. art. 6, § 8. The legislature has fixed the jurisdiction of the justices' courts as extending to cases of "[a]ssault and battery, *not charged to have been committed upon a public officer in the discharge of his duties. . . .*" NRS 4.370(3)(b). (Emphasis added.) Since jurisdiction over the offense of battery on a public officer has not been vested in the justice's court, by necessary implication such jurisdiction must lie in the district court. Accordingly, we now hold that original jurisdiction of the offense of misdemeanor battery on a police officer lies in the district court.[1]

---

[1]We believe that in enacting NRS 4.370(3)(b), the legislature intended that a police officer be included within the term "public officer." We acknowledge that in some areas of legislation, distinctions are made between peace officers and public officers. *See* NRS 41.0307 (defining "public officer" for actions against the state); NRS 169.125 and NRS 169.164 (defining peace officers and public officers for purposes of the Nevada Criminal Procedure Law). In other statutes, however, the distinction is not made. NRS 193.010(16) defines both "officers" and "public officers" as employees of any political subdivision or public corporation of this state. We also note that California courts, in construing provisions of their penal code that are similar to NRS 4.370(3)(b), have held that the term "public officer" includes a "peace officer". *See, e.g.,* People v. Gonzalez, 124 P.2d 44 (Cal. 1942), overruled on other grounds by People v. Cahan, 282 P.2d 905 (Cal. 1955); People v. Hiser, 72 Cal.Rptr. 906 (Cal.App. 1968); In re Bacon, 49 Cal.Rptr. 322 (Cal.App. 1966); People v. Powell, 221 P.2d 117 (Cal.App. 1950).

2. Although we hold that jurisdiction of the offense was properly in the district court, we agree with appellant's contention that it is impermissible to proceed in the district court by complaint. NRS 172.015 provides that "[e]very public offense must be prosecuted by indictment or information. . . ." Thus, the district court was without jurisdiction to proceed by complaint in this matter. Accordingly, we reverse and remand this case to the district court with instructions to grant the petition for a writ of habeas corpus. This reversal and remand shall be without prejudice to the state's right to institute charges within 15 days after remittitur issues.