BRUCE SCOTT BARON, PETITIONER, *v.* THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF DOUGLAS, AND HOWARD D. McKIBBEN, DISTRICT JUDGE, RESPONDENTS.

No. 11889

October 12, 1979                    600 P.2d 1192

*Norman Y. Herring,* State Public Defender, Carson City, and *David Mathews,* Deputy Public Defender, Minden, for Petitioner.

*Richard H. Bryan,* Attorney General, Carson City; *Michael*

———

[7]NRS 482.318 provides:

*Smiley Rowe,* District Attorney, Douglas County, for Respondents.

## OPINION

*Per Curiam:*

On the instant petition we are confronted with the question of the proper means to make a probable cause determination supporting a criminal information for the offense of battery on a police officer. In our prior decisions, we have established that though the offense is a misdemeanor, jurisdiction lies in the district court. Battiato v. Sheriff, 95 Nev. 361, 594 P.2d 1152 (1979). Further, we have held that because jurisdiction of the offense is in district court, the proper charging document is either an indictment or an information. *Id.*

Petitioner was arrested and charged with the offense of battery on a police officer, a misdemeanor. (NRS 200.481). Subsequently, the district attorney filed in the district court a criminal information by which the petitioner was charged with the offense. Petitioner then moved for a preliminary examination contending that a criminal information can only be filed after a preliminary examination. The district court denied the motion, but stated that the district attorney must append to the information an affidavit setting forth facts constituting probable cause for petitioner's detention. This writ of mandate is sought to compel the district court to grant the petitioner's motion for preliminary examination.

We first note that we are dealing in an area that the legislature has not addressed. NRS 171.202 provides that the district attorney shall conduct preliminary examinations in cases where a felony or gross misdemeanor is charged. From NRS 171.202,

it is properly inferred that in simple misdemeanor cases, the legislature did not intend to afford the accused a preliminary examination.

However, we are also cognizant of the fact that NRS 173.035 appears to permit the filing of a criminal information only after the accused has either had, or waived, a preliminary examination. Though NRS 173.035(2) permits the prosecutor to file a criminal information supported by affidavit, this criminal information may be filed only after the magistrate has discharged the accused at the conclusion of a preliminary examination.

Thus we are confronted with a situation in which the accused must be prosecuted by information, *see Battiato, supra,* which information appears to require a preliminary examination, *see* NRS 173.035, but the offense is one for which the legislature did not contemplate a preliminary examination, *see* NRS 171.202. Where the legislature has failed to address a matter or, as here, addressed it with imperfect clarity, it is our function to discern the law. Goodman v. Goodman, 68 Nev. 484, 488, 236 P.2d 305, 307 (1951). Here, we believe that the district court properly discerned the intent of the legislature by permitting the case to proceed in a district court on criminal information supported by affidavit, and without preliminary examination. The offense charged is a misdemeanor. The legislature has not provided the accused the right to a preliminary examination for any other misdemeanors, and it does not appear that the legislature intended to provide that right in the instant situation.

Accordingly, the writ is denied.