2002 UT 117

**STATE of Utah, Plaintiff and Appellee,**

v.

**Daniel Lamont HODGES, Defendant and Appellant.**

No. 20010668.

Supreme Court of Utah.

Dec. 3, 2002.

Mark L. Shurtleff, Att'y Gen., Kris C. Leonard, Asst. Att'y Gen., Matthew G. Nielsen, Salt Lake City, for plaintiff.

Joan C. Watt, Robin K. Ljungberg, Salt Lake City, for defendant.

HOWE, Justice:

¶ 1 This is an interlocutory appeal from the district court's order that it has jurisdiction

over the criminal prosecution of defendant, who had reached his twenty-first birthday when the proceedings were commenced, but who was under age eighteen at the time of his alleged crimes.

## BACKGROUND

¶ 2 The State charges that defendant Daniel Lamont Hodges committed six first degree felony crimes involving sexual abuse of a child when Hodges was younger than eighteen years old. The alleged victim reported the crimes about three months prior to defendant's twenty-first birthday. The State filed the charges in district court shortly over a month after defendant turned twenty-one.

¶ 3 Defendant moved to dismiss the charges, contending that the district court lacked jurisdiction to try him for crimes he allegedly committed as a juvenile. The district court denied defendant's motion, and we granted his petition for interlocutory review.

## ISSUES AND STANDARD OF REVIEW

¶ 4 Defendant contends that the district court erred by concluding it had jurisdiction over the criminal prosecution of a person who is twenty-one years old or older but who is charged with crimes allegedly committed as a juvenile. District court and juvenile court jurisdiction are defined by statute. *See* Utah Code Ann. §§ 78–3–4, 78–3a–104, –105, –121, –501, –601 to –603, –801 (1996 & Supp.2002).[1] "This court reviews a district court's statutory interpretation for correctness, affording no deference to the district court." *State v. McGee*, 2001 UT 69, ¶ 6, 31 P.3d 531.

¶ 5 Defendant further contends that if we conclude that our statutes grant the district court jurisdiction in this case, then the statutory scheme is unconstitutional under article I, section 24 of the Utah Constitution as well as article I, section 9 and the Due Process provisions of the United States Constitution. However, he raises his constitutional arguments for the first time on appeal. "The general rule is that issues not raised [in the district court] cannot be argued

for the first time on appeal, and this rule applies to constitutional questions." *State v. Lopez*, 886 P.2d 1105, 1113 (Utah 1994); *see also* Utah R.App. P. 5(c)(1)(B) (stating that a petition for interlocutory review must contain "a demonstration that the issue was preserved in the trial court"). Because defendant has not asserted either of the exceptions to the general rule—plain error or exceptional circumstances—we decline to address defendant's constitutional issues. *See Lopez,* 886 P.2d at 1113.

## ANALYSIS

¶ 6 "[O]ur primary goal in interpreting statutes is to give effect to the legislative intent, as evidenced by the plain language, in light of the purpose the statute was meant to achieve." *State v. Burns,* 2000 UT 56, ¶ 25, 4 P.3d 795. "We need look beyond the plain language only if we find some ambiguity." *Id.*

¶ 7 Utah Code Ann. section 78–3–4(1) states: "The district court has original jurisdiction in all matters civil and criminal, not excepted in the Utah Constitution and not prohibited by law." The import of this language on the instant appeal is clear; specifically, the district court has jurisdiction over proceedings against a person twenty-one years of age or older who has been charged with crimes he allegedly committed when he was under eighteen years of age, unless some other provision prohibits such jurisdiction.

¶ 8 Defendant directs us to section 78–3a–104(1)(a). He argues that the "plain language" of that section vests the juvenile court with "exclusive, original jurisdiction over [all] offenses committed by minors, except in limited circumstances" that are not applicable here. He is mistaken.

¶ 9 Section 78–3a–104(1)(a) reads:
(1) Except as otherwise provided by law, the juvenile court has exclusive original jurisdiction in proceedings concerning:
(a) a minor who has violated any federal, state, or local law or municipal ordi-

1. Because no relevant substantive changes have been made to the applicable statutory sections

over the time relevant to this case, we cite the current code sections unless otherwise indicated.

nance or a person younger than 21 years of age who has violated any law or ordinance before becoming 18 years of age, regardless of where the violation occurred, excluding traffic laws and boating and ordinances[.]

This section does not grant the juvenile court jurisdiction over *all offenses committed by minors*. *Id.* Rather, it grants the juvenile court jurisdiction in *proceedings against two classes of persons*: (1) persons who are minors and who have violated any law, and (2) persons who are younger than twenty-one years of age and who violated any law before becoming eighteen years of age. *Id.* This section plainly categorizes juvenile court proceedings against persons accused of violating the law according to the age of those persons at the time proceedings are commenced. Thus, to adopt defendant's suggestion that this section gives the juvenile court exclusive jurisdiction over all offenses committed by minors, regardless of the age of the person when the proceedings are commenced, would render the language concerning proceedings against persons younger than twenty-one years of age superfluous. " 'In analyzing a statute's plain language, we must attempt to give each part of the provision a relevant and independent meaning so as to give effect to all of its terms.' " *Burns*, 2000 UT 56 at ¶ 25, 4 P.3d 795 (quoting *V–1 Oil Co. v. State Tax Comm'n*, 942 P.2d 906, 917 (Utah 1996)). We therefore conclude that section 78–3a–104(1)(a) does not limit the general grant of jurisdiction made to the district court in section 78–3–4 so as to preclude its jurisdiction over proceedings against persons twenty-one years of age or older at the commencement of the proceedings who have violated any law at any age. *See id.*

¶ 10 Utah law would not always have yielded this result. From 1931 through 1965, the juvenile court was given jurisdiction over all misdemeanors if the offender was "under the age of eighteen years *at the time of committing the alleged offense.*" Utah Code Ann. § 55–10–7 (1963) (emphasis added); *see also id.* § 55–10–7 (1963 & Supp.1967) (historical notes); *State v. Musser*, 110 Utah 534, 565–66, 175 P.2d 724, 740–41 (1946) (vacating two defendants' district court misdemeanor convictions because those defendants were un-

der age eighteen at time of alleged crimes), *vacated by* 333 U.S. 95, 68 S.Ct. 397, 92 L.Ed. 562 (1948) (vacating, on other grounds, additional defendants' convictions); *Sanders v. Metro. Life Ins. Co.*, 104 Utah 75, 85, 138 P.2d 239, 244–45 (1943) (Larson, J., concurring). As for felonies, from 1907 to 1911, juveniles charged with felonies were tried in district court, *see* 1911 Utah Laws ch. 58, § 2; Compiled Laws of Utah § 720x11 (1907); and from 1931 to 1964, the district and juvenile courts had concurrent jurisdiction over felony violations by juveniles committed between their fourteenth and eighteenth birthdays. *See* Utah Code Ann. § 55–10–5(2) (1963 & Supp.1967) (historical notes).

¶ 11 In 1965, the legislature changed the statute defining juvenile court jurisdiction over violations of law to read:

> If during the pendency of a criminal or quasi-criminal proceeding in another court, including a preliminary hearing, it shall be ascertained that the person charged is under twenty-one years of age and was less than eighteen years of age at the time of committing the alleged offense, that court shall transfer the case to the juvenile court, together with all the papers, documents, and transcripts of any testimony connected therewith.

Utah Code Ann. § 78–3a–18 (1977) (historical notes). In 1996, the legislature changed the statutory language defining juvenile court jurisdiction over violations of law to its current form. Utah Code Ann. § 78–3a–104(1)(a) (Supp.2002) (historical notes).

¶ 12 Because current sections 78–3–4 and 78–3a–104(1)(a) are unambiguous, the statutory history just reviewed, while instructive in some respects, offers neither persuasive nor mandatory authority in our interpretation of current district and juvenile court jurisdiction. Section 78–3–4 plainly grants district courts jurisdiction over criminal matters generally, and section 78–3a–104(1)(a) clearly does nothing to prohibit the exercise of district court jurisdiction in proceedings involving persons twenty-one years of age and older who have committed crimes at any age.

¶ 13 Defendant in the instant case had passed his twenty-first birthday at the time criminal proceedings against him were commenced. Therefore, the district court did not err in concluding that it had jurisdiction over those proceedings.

¶ 14 Despite his purported reliance on the "plain language" of section 78–3a–104(1)(a), much of defendant's argument actually attempts to distill from the whole of the current statutory scheme a legislative intent that is at odds with the plain language of sections 78–3–4 and 78–3a–104(1)(a). He asserts, for example, "a legislative intent that persons will no longer be subject to prosecution for offenses committed as minors after they turn twenty-one." Where there is ambiguity, we may look to the statutory scheme to divine legislative intent. *Burns*, 2000 UT 56 at ¶ 25, 4 P.3d 795. However, "a statute's unambiguous language 'may not be interpreted to contradict its plain meaning.'" *Id.* (quoting *Zoll & Branch, P.C. v. Asay*, 932 P.2d 592, 594 (Utah 1997)). Here the relevant statutory language is unambiguous.

¶ 15 Defendant also cites *State v. Walker*, 743 P.2d 191 (Utah 1987), and cases from several other jurisdictions in support of his contentions. *Walker* involved the prosecution in district court of a defendant who was between his eighteenth and twenty-first birthdays at the time of his prosecution. *Id.* at 191–94. This court held that in such a criminal proceeding the State must prove beyond a reasonable doubt that the defendant was over the age of eighteen when he committed the charged crime; otherwise, jurisdiction must be transferred to the juvenile court. *Id.* at 198–99. That holding is plainly consistent with section 78–3a–104(1)(a).[2] However, because defendant in this case had passed his twenty-first birthday when the proceedings were commenced against him, *Walker*'s holding does not apply here. Finally, we cannot rely on cases defendant cites from other jurisdictions to reach a conclusion contrary to the plain language of our own statutes. Under our current statutory scheme, it is left to the wisdom of the prosecutor and the trial judge to make allowance, in possible plea negotiations and at sentencing, for the fact that defendant was under the age of eighteen when he allegedly committed the crimes for which he is charged.

## CONCLUSION

¶ 16 Section 78–3–4 grants the district court jurisdiction "in all matters civil and criminal, not excepted in the Utah Constitution and not prohibited by law." The plain language of section 78–3a–104(1)(a) does not prohibit district court jurisdiction in criminal proceedings against a person twenty-one years of age and older, regardless of when it is alleged he committed his crimes. Defendant does not direct us to any other provision that would prohibit district court jurisdiction over criminal proceedings against persons twenty-one years of age and older, and we are likewise aware of none. The proceedings in this case were commenced after defendant's twenty-first birthday. We therefore affirm the district court's order that it has jurisdiction over those proceedings.

¶ 17 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice RUSSON, and Justice WILKINS concur in Justice HOWE's opinion.

---

**2.** Then-current section 78–3A–18, rather than section 78–3a–104(1)(A), was in effect at the time of the crimes in *Walker*. *See* Utah Code Ann. § 78–3a–18 (1977). However, the substance of those sections, relative to the decision in *Walker*, is the same.