THE STATE OF NEVADA, Appellant, v.
GREGORY DEAN BARREN, Respondent.

No. 57115

June 28, 2012                                   279 P.3d 182

[Rehearing denied September 27, 2012]
[En banc reconsideration denied November 28, 2012]

*Catherine Cortez Masto*, Attorney General, Carson City; *Steven B. Wolfson*, District Attorney, *Steven S. Owens*, Chief Deputy District Attorney, and *J. Patrick Burns*, Deputy District Attorney, Clark County, for Appellant.

*Philip J. Kohn*, Public Defender, and *Amy A. Feliciano*, Deputy Public Defender, Clark County, for Respondent.

Before Cherry, C.J., Pickering and Hardesty, JJ.

## OPINION

By the Court, Hardesty, J.:

In this opinion, we address the applicability of NRS 62B.330(3)(e)(2), a statutory provision that divests a juvenile court of jurisdiction over a person who commits a class A or B felony between 16 and 18 years of age but is not identified until after reaching 21 years of age. We conclude that this statutory provision governs jurisdiction over any proceedings initiated after the provision went into effect on October 1, 2009, regardless of when the offense was committed. *See* 2009 Nev. Stat., ch. 25, § 3, at 50-51; NRS 218D.330. Here, respondent Gregory Barren allegedly committed class A and B felonies at 17 years of age but was not identified until after reaching 21 years of age. Because NRS 62B.330(3)(e)(2) was in effect when the State initiated proceedings against Barren, we conclude that the district court,[1] not the juvenile court, has jurisdiction over his criminal case.

---

[1]Barren's alleged crimes are not triable in justice court. *See* NRS 4.370(3). Thus, if the juvenile court is divested of jurisdiction, the justice court's role would be to hold a probable cause hearing. NRS 171.196. If Barren waives this hearing, his alleged crimes will be tried in the district court. *Id.* If the hearing is not waived, and probable cause is found, Barren's alleged crimes would likewise be tried in the district court. NRS 171.206; *see also Woerner v. Justice Court*, 116 Nev. 518, 525, 1 P.3d 377, 381-82 (2000). Accordingly, throughout this opinion we refer to the jurisdiction of the district court rather than the justice court.

## FACTS AND PROCEDURAL HISTORY

In 2005, a woman was kidnapped and sexually assaulted.[2] Police collected a sample of the offender's DNA from bodily fluid left at the scene. Subsequently, the police entered the offender's DNA into the Combined DNA Index System and, in July 2009, the system identified Barren as the perpetrator. Barren was 17 years old when he allegedly committed the offenses and 21 years old at the time he was identified. On October 28, 2009, the State brought charges against Barren in justice court for first-degree kidnapping with the use of a deadly weapon, sexual assault with the use of a deadly weapon, and attempted sexual assault with the use of a deadly weapon. Each charge against Barren is a category A or B felony if committed by an adult. NRS 200.320; NRS 200.366; NRS 193.330(1)(a)(1).

The justice court transferred the case to the juvenile court, but the juvenile court found that it lacked jurisdiction over Barren's case because the State did not file a petition with the juvenile court before Barren turned 21 years of age. Barren's case was subsequently transferred back to the justice court. The justice court concluded that it had jurisdiction because of newly enacted NRS 62B.330(3)(e)(2), a provision which divests a juvenile court of jurisdiction over a person who committed a category A or B felony between 16 and 18 years of age, but "is not identified by law enforcement as having committed the offense until the person reaches 21 years of age." Specifically, the justice court concluded that the statutory provision applied to the facts of Barren's case, and that "[a]fter October 1, 2009, the Juvenile Court 'does not have jurisdiction' over the persons described in NRS 62B.330(3)(e)(2)." The justice court further found that applying NRS 62B.330(3)(e)(2) did not constitute an ex post facto violation because based on Barren's age, "he would not have been subject to juvenile court jurisdiction [even] prior to the [2009 amendment to NRS 62B.330]." "As a result, jurisdiction would have defaulted to the adult trial court." The justice court also noted that even absent the 2009 amendments, the Nevada Constitution and caselaw require that some court, district or juvenile, must always have jurisdiction over a criminal defendant.

Subsequently, Barren filed a petition for a writ of mandamus in the district court and requested that the district court order the justice court to dismiss the case for lack of jurisdiction. After a hearing, the district court granted Barren's writ petition and re-

---

[2]The documents containing the specific facts surrounding this incident have been stricken from the record on appeal as they were never filed in the district court. However, the stricken documents are irrelevant to the disposition of this case.

manded Barren's case to the justice court to dismiss for lack of jurisdiction. The district court reasoned that NRS 62B.330(3)(e)(2) could not apply retroactively, and if it did, that retroactive application would constitute an ex post facto violation. The State appeals.[3]

## DISCUSSION

This court "generally review[s] a district court's grant or denial of writ relief for an abuse of discretion." *Koller v. State*, 122 Nev. 223, 226, 130 P.3d 653, 655 (2006). "However, when the writ involves questions of statutory construction, including the meaning and scope of a statute, [this court] review[s] the decision de novo." *Id.* Because resolving the issues in this appeal presents a question of law, the standard of review is de novo. *Paige v. State*, 116 Nev. 206, 208, 995 P.2d 1020, 1021 (2000).

At the outset, we note that notwithstanding exceptions inapplicable here, some court always has jurisdiction over a criminal defendant. *See* NRS 171.010 ("Every person, whether an inhabitant of this state, or any other state, or of a territory or district of the United States, is liable to punishment by the laws of this state for a public offense committed therein, except where it is by law cognizable exclusively in the courts of the United States."); *see also Castillo v. State*, 110 Nev. 535, 542, 874 P.2d 1252, 1257 (1994) (rejecting a defendant's claim that he was "home free" from any court's jurisdiction), *disapproved of on other grounds by Wood v. State*, 111 Nev. 428, 430, 892 P.2d 944, 946 (1995); *D'Urbano v. Commonwealth*, 187 N.E.2d 831, 835 (Mass. 1963) (holding that "[t]he absence of valid juvenile procedures did not deprive the Superior Court of jurisdiction" and noting that "[t]he statute [did] not intend, for example, that a person who committed murder at [16] and is apprehended at [23] should be beyond the reach of criminal statutes"); *State ex rel. Elliot v. District Court*, 684 P.2d 481, 485 (Mont. 1984) ("[L]ack of jurisdiction in Youth Court does not limit a district court's jurisdiction."); *Trujillo v. State*, 447 P.2d 279, 280 (N.M. 1968) (explaining that the district court had jurisdiction to try the defendant because he was over 21 years of age and "the district court is one of general jurisdiction," while the juvenile court is limited, by statute, to persons less than 21 years of age); *State v. Hodges*, 63 P.3d 66, 68-69 (Utah 2002) (noting that a statute that gave a juvenile court jurisdiction in proceedings over a person younger than 21 years of age did "not limit

---

[3]In response to a motion from the State, this court has granted a stay of the district court's order and the proceedings in the justice court pending a resolution of this appeal.

the general grant of jurisdiction made to the district court . . . so as to preclude its jurisdiction over proceedings against persons [21] years of age or older''); *State v. Bradley*, 580 P.2d 640, 642 (Wash. Ct. App. 1978) (''Want of jurisdiction of the juvenile court merely precludes acts of that court. It does not invalidate an otherwise valid act of the superior court which properly had jurisdiction of the subject matter and the person.''). Thus, the issue on appeal is not *whether* a court has jurisdiction over Barren, but rather, *which* court has jurisdiction over Barren.

The Nevada Constitution grants the district court ''original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts'' and ''final appellate jurisdiction in cases arising in Justice Courts and such other inferior tribunals as may be established by law.'' Nev. Const. art. 6, § 6(1). This court has explained that a district court has jurisdiction over ''all criminal cases except as otherwise provided by law.'' *Battiato v. Sheriff*, 95 Nev. 361, 362, 594 P.2d 1152, 1153 (1979). Conversely, ''the juvenile court system is a creation of statute, and it possesses only the jurisdiction expressly provided for it in the statute.'' *Kell v. State*, 96 Nev. 791, 792-93, 618 P.2d 350, 351 (1980); *see also State v. Bill*, 91 Nev. 275, 277, 534 P.2d 1264, 1265 (1975) (''The Juvenile Court Act's grant of exclusive and original jurisdiction is limited . . . .''). To determine which court has jurisdiction in this instance, we examine the statutory scope of a juvenile court's jurisdiction.

By statute, ''the juvenile court has exclusive original jurisdiction over a *child* living or found within the county who is alleged or adjudicated to have committed a *delinquent act*.'' NRS 62B.330(1) (emphases added). NRS 62A.030(1)(b) defines a ''child,'' *inter alia*, as ''[a] person who is less than 21 years of age and subject to the jurisdiction of the juvenile court for an unlawful act that was committed before the person reached 18 years of age.'' NRS 62B.330(3) limits the otherwise broad definition of ''delinquent act'' by listing acts that are not considered to be ''delinquent acts'' and are therefore not within the juvenile court's exclusive original jurisdiction.[4] Significantly, as amended in 2009, NRS

---

[4]Prior to the 2009 amendments, NRS 62B.330(3) excluded from the juvenile court's jurisdiction cases involving a child who committed (1) murder or attempted murder; (2) sexual assault, attempted sexual assault, or an offense with the use or threatened use of a firearm, if the person was at least 16 years of age and had already been adjudicated delinquent for a previous felonious act; or (3) a felony resulting in death or substantial bodily harm if committed with a weapon at a school. *See* 2009 Nev. Stat., ch. 25, § 3, at 50-51. The 2009 amendments to NRS 62B.330(3) did not alter these exclusions. Because these acts are excluded from the juvenile court's jurisdiction and they fall within the district court's original jurisdiction, the district court has jurisdiction over these offenses even when they are committed by a child.

62B.330(3)(e)(2) expressly excludes from the juvenile court's jurisdiction cases such as Barren's:

> For the purposes of this section, each of the following acts shall be deemed not to be a delinquent act, and the juvenile court does not have jurisdiction over a person who is charged with committing such an act:
>
> . . . .
>
> (e) A category A or B felony and any other related offense arising out of the same facts as the category A or B felony, regardless of the nature of the related offense, if the person was at least 16 years of age but less than 18 years of age when the offense was committed, and:
>
> . . . .
>
> (2) The person is not identified by law enforcement as having committed the offense until the person reaches 21 years of age.

The parties dispute whether NRS 62B.330(3)(e)(2) governs jurisdiction in this case, because it did not go into effect until after the date Barren allegedly committed the offenses. The relevant inquiry, thus, is whether juvenile court jurisdiction is determined on the date when the State initiated the proceedings or on the date when Barren allegedly committed the offenses.

The parties focus on whether NRS 62B.330(3)(e)(2) is retroactive, but a retroactivity analysis is unnecessary because NRS 62B.330(3)(e)(2) is a jurisdictional statute.[5] "[S]tatutes 'conferring or ousting jurisdiction' that 'speak to the power of the court rather than to the rights or obligations of the parties' generally do not raise concerns about retroactivity." *Henry v. Ashcroft*, 175 F. Supp. 2d 688, 693 (S.D.N.Y. 2001) (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 274 (1994)). Application of "a jurisdiction-conferring or jurisdiction-stripping statute usually 'takes away no substantive right but simply changes the tribunal that is to hear the case.'" *Hamdan v. Rumsfeld*, 548 U.S. 557, 576-77 (2006) (quoting *Hallowell v. Commons*, 239 U.S. 506, 508 (1916)). "Present law normally governs in such situations because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" *Landgraf*, 511 U.S. at

---

[5]We have previously held in regard to penal statutes that " 'the general rule is that the proper penalty is that in effect at the time of the commission of the offense' unless the Legislature demonstrates clear legislative intent to apply a criminal statute retroactively." *State v. Dist. Ct. (Pullin)*, 124 Nev. 564, 569, 188 P.3d 1079, 1082 (2008) (quoting *Sparkman v. State*, 95 Nev. 76, 82, 590 P.2d 151, 155-56 (1979)). However, this principle is inapposite here because NRS 62B.330(3)(e)(2) does not impose a penalty; rather, it merely explains which court has jurisdiction.

274 (quoting *Republic Nat. Bank of Miami v. United States*, 506 U.S. 80, 100 (1992) (Thomas, J., concurring)). Thus, "no retroactivity problem arises because the change in the law does not 'impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.'" *Id.* at 577 (quoting *Landgraf*, 511 U.S. at 280).

Additionally, many courts have held that "'[t]he jurisdiction of the juvenile court does not depend on the defendant's age at the time the criminal act was committed, but [on] his age at the time judicial proceedings were initiated.'"[6] *State v. Godines*, 236 P.3d 824, 829 (Or. Ct. App. 2010) (second alteration in original) (quoting *Delaney v. State*, 648 P.2d 1302, 1303 (Or. Ct. App. 1982)); *see also Boyett v. State*, 487 S.W.2d 357, 358 (Tex. Crim. App. 1972); *Pruitt v. Guerry*, 170 S.E.2d 1, 3 (Va. 1969); *State v. Dion*, 159 P.3d 404, 405 (Wash. 2007). For example, in *State v. Little*, the Supreme Court of Oregon considered a statute which provided "that a child may be remanded to the appropriate trial court for disposition as an adult if at the time of the remand he is [16] years of age or older." 407 P.2d 627, 628-29 (Or. 1965) (internal quotations omitted). The defendant in that case argued that all offenders who committed offenses before reaching 16 years of age should be treated "as delinquent children instead of as criminals," regardless of their age at the time of remand. *Id.* at 629. The court held that determining a juvenile court's jurisdiction based on the offender's age at the time of the offense "would create an absurd result." *Id.* at 630. Such a rule "would make it possible for a person to commit any number of dangerous felonies a few days before his sixteenth birthday and then, by evading arrest until he is [21],

---

[6]Other courts have held that jurisdiction is determined by a defendant's age at the time of the offense, *see* H.D. Warren & C.P. Jhong, Annotation, *Age of Child at Time of Alleged Offense or Delinquency, or at Time of Legal Proceedings, as Criterion of Jurisdiction of Juvenile Court*, 89 A.L.R.2d 506 (1963) (collecting cases), but such cases are distinguishable. For example, the Court of Appeals of Georgia concluded that a defendant's "age at the time of his adjudicatory hearing is not determinative of the juvenile court's jurisdiction over him. Rather, his age at the time of the offense controls." *In re J.T.D.*, 529 S.E.2d 377, 378 (Ga. Ct. App. 2000). However, the statute upon which the court relied defined "child" as "an individual under the age of 21" who committed an offense as a juvenile. *Id.* (citing Ga. Code Ann. § 15-11-2(2)(B)). Because the defendant was 17 years old at the time of the hearing, the court did not address whether its holding would apply to a 21-year-old. *Id.* And, the Court of Appeals of Maryland noted that "[a] juvenile court may still retain jurisdiction over a person who has committed a criminal offense before the age of 18," and that the age of the person at the time of the offense controls jurisdiction. *Whaley v. State*, 974 A.2d 951, 963 n.19 (Md. Ct. Spec. App. 2009). However, the court found it significant that the defendant was "still under the age of 21" at the time of the proceedings. *Id.* It further noted that a juvenile court's "jurisdiction continues until [a] person reaches 21 years of age." *Id.*

escape both corrective measures as a juvenile and punishment as an adult.'' *Id.* (footnote omitted). Under such a rule, ''a person [could] commit crimes before his sixteenth birthday, happy in the knowledge that his worse fate, if caught, [would] be a brief period of treatment as a delinquent child.'' *Id.* (also noting that ''[i]t [was] extremely unlikely that if the Assembly had considered the precise problem [at issue], it would have intended to create a hiatus in the law that could wholly frustrate the administration of justice when a serious offense has been committed by a person below the age for discretionary remand'').

Similarly, in *State v. Hodges*, the Supreme Court of Utah analyzed whether a district court would have jurisdiction over a 21-year-old defendant who was a juvenile at the time of the alleged offenses. 63 P.3d 66, 67-68 (Utah 2002). The statute at issue granted a juvenile court exclusive jurisdiction over '' 'a person younger than 21 years of age' '' who violated a law as a juvenile. *Id.* at 68-69 (quoting Utah Code Ann. § 78-3a-104(1)(a) (1996 & Supp. 2002)). The court reasoned that based on the statute, juvenile jurisdiction is determined ''according to the age of those persons at the time proceedings are commenced.'' *Id.* at 69. To conclude that the statute ''gives the juvenile court exclusive jurisdiction over all offenses committed by minors, regardless of the age of the person when the proceedings are commenced, would render the language concerning proceedings against persons younger than [21] years of age superfluous.'' *Id.* Accordingly, the court affirmed the district court's order that it had jurisdiction over the proceedings. *Id.* at 70.

In Nevada, NRS 62B.410(2) limits a juvenile court's jurisdiction to persons less than 21 years of age, and NRS 62B.330(1) similarly limits the juvenile court to having jurisdiction over a ''child,'' which NRS 62A.030 defines, in relevant part, as ''[a] person who is less than 21 years of age.'' Similar to the reasoning in *Hodges*, to conclude that the Nevada Revised Statutes give ''the juvenile court exclusive jurisdiction over all offenses committed by minors, regardless of the age of the person when the proceedings are commenced, would render the language concerning proceedings against persons younger than [21] years of age superfluous.'' 63 P.3d at 69. Moreover, from the very day it went into effect, NRS 62B.330(3)(e) applied to offenses that had already been committed, divesting a juvenile court of jurisdiction ''if the person *was* at least 16 years of age but less than 18 years of age, when the offense *was committed*.'' (Emphases added). Determining jurisdiction at the time of the offense would ''create an absurd result'' contrary to the plain language of NRS 62B.330(3)(e). *Little*, 407 P.2d at 630.

Based on these considerations, we conclude that jurisdiction in this case is determined on the date when the State initiated pro-

ceedings against Barren rather than the date when Barren allegedly committed the offenses. At the time the State initiated the proceedings against Barren, NRS 62B.330(3)(e)(2), the statute governing jurisdiction, was in effect, and the juvenile court did not have jurisdiction.[7] Accordingly, we reverse the district court's judgment and remand.[8]

CHERRY, C.J., and PICKERING, J., concur.

---

[7]Barren argues that the State intentionally waited to file charges until NRS 62B.330(3)(e)(2) went into effect. There is insufficient evidence in the record before us to support Barren's argument. Additionally, as discussed above, some court would have jurisdiction over Barren regardless of when the State initiated proceedings.

[8]Although the parties argue whether retroactive application would constitute an ex post facto violation, we need not reach that issue because we conclude that a retroactive application of the statute is unnecessary.