# IN THE SUPREME COURT OF THE STATE OF NEVADA

AYDEN MCKINNON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72690

FILED

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted murder with use of a deadly weapon and discharging a firearm into a structure. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

A.B. 202 amended the statute determining jurisdiction for juvenile courts. A.B. 202, 77th Leg. (Nev. 2013). While NRS 62B.330(3)(a) previously assigned all attempted murder cases to the district court, the amendment, which took effect on October 1, 2014, retained jurisdiction over attempted murder by juveniles under sixteen years of age in the juvenile courts. *See* 2013 Nev. Stat., ch. 483, § 1, at 2901; *id.* § 11, at 2905.

On September 16, 2014, Ayden Mckinnon, at the age of fourteen, approached the home of a friend and fired a shotgun twice through the front door. The State filed a criminal complaint in the district court against McKinnon on September 18, 2014, and he was arraigned on September 24, 2014. On October 2, 2014, the State presented evidence to a grand jury, and on October 3, 2014, the grand jury returned an indictment. McKinnon subsequently filed a motion to dismiss the indictment for lack of jurisdiction, arguing that because the amendment to NRS 62B.330 had taken effect on October 1, 2014, the juvenile court had jurisdiction. The

SUPREME COURT
OF
NEVADA

(O) 1947A

18-18518

district court denied McKinnon's motion and granted a stay to allow him to file a petition for a writ of mandamus to this court, which we denied.

McKinnon subsequently pleaded guilty to one count of attempted murder with the use of a deadly weapon and one count of discharging a firearm into a structure. Following arguments by both sides, the district court sentenced McKinnon to 60 to 180 months for attempted murder, with 24 to 120 months to run consecutively for the deadly weapon enhancement, and 28 to 72 months to run concurrently to the first count for discharging a firearm into a structure. McKinnon filed a motion for reconsideration of the sentence, arguing that the district court had not indicated it had taken the mandatory juvenile sentencing factors in NRS 176.017[1] into account. The district court denied the motion, stating that it had taken those factors into account, though it had not explicitly stated so on the record. McKinnon appeals that conviction and sentence.

## DISCUSSION

### The district court had jurisdiction over McKinnon's case

McKinnon argues that the juvenile court has exclusive jurisdiction over his case because it was initiated after the statutory amendment took effect on October 1, 2014. He asserts that a prosecution can only be commenced by indictment or information and, because the grand jury indicted him on October 3, the juvenile court had jurisdiction. He further asserts that he had a right to be tried in juvenile court, and the amendment to the statute should be applied retroactively. We disagree.

---

[1]This statute has also been amended since McKinnon's conviction, 2017 Nev. Stat., ch. 231, §§ 1-3 at 1219, and we apply the version in effect prior to its most recent amendment.

"In Nevada, a criminal prosecution may be commenced by criminal complaint . . . ." *Thompson v. State*, 125 Nev. 807, 811, 221 P.3d 708, 711 (2009). Because the amendment became effective on October 1, 2014, and the State commenced criminal prosecution by complaint on September 18, 2014, jurisdiction was proper in the district court. Additionally, jurisdictional statutes do not implicate substantive rights, rendering retroactivity analysis unnecessary. *State v. Barren*, 128 Nev. 337, 342, 279 P.3d 182, 185 (2012). Therefore, the district court properly had jurisdiction over McKinnon's case.

*The district court did not abuse its discretion in sentencing McKinnon without explicitly stating it applied mitigating factors at the time*

McKinnon argues that his sentence is severe in light of the circumstances, and he must be resentenced because the district court did not explicitly state that it considered the mandatory mitigating factors under NRS 176.017 at the time he was sentenced. We disagree.

We review a district court's sentencing decisions for abuse of discretion. *Blankenship v. State*, 132 Nev., Adv. Op. 50, 375 P.3d 407, 412 (2016). NRS 176.017 indicates that the district court must consider the difference between juvenile and adult offenders when imposing its sentence. The statute does not, however, indicate that the district court must explicitly state that it has taken those factors into account at the time of sentencing, or indicate how they have affected the sentence being imposed.

Here, much of McKinnon's argument at the sentencing hearing specifically revolved around how his own culpability as a juvenile was lesser than that of an adult. Furthermore, upon McKinnon's motion to be resentenced, the district court explicitly stated that it considered these

factors in arriving at the sentence imposed.[2] Other than the severity of the sentence imposed, McKinnon is unable to point to anything in the record indicating that the district court failed to consider these factors when it determined McKinnon's sentence. We, therefore, conclude that the district court did not abuse its discretion.

## CONCLUSION

We conclude that the district court properly had jurisdiction over the case, as the State commenced prosecution before the effective date of the amendment, and the court properly considered mitigating factors in sentencing McKinnon. We, therefore,

ORDER the judgment of the district court AFFIRMED.

_____Cherry_____, J.
Cherry

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

---

[2]While NRS 176.017 does not require the district court to state on the record that it has considered those factors in imposing its sentence, and while we find no abuse of discretion as a result, it is undoubtedly good practice to articulate findings regarding the consideration of mitigating factors at the time of sentencing. We, therefore, note that it would be wise for the district court to articulate such findings for the record at sentencing in the future.

cc:   Hon. Michelle Leavitt, District Judge
Pitaro & Fumo, Chtd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk