**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTOPHER MICHAEL ZIMMERMAN, | No. 18-16886 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-00454-HDM-WGC |
| v. | |
| ISIDRO BACA, Warden; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted June 11, 2020
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and EZRA,** District Judge.

Kristopher Zimmerman, a Nevada state prisoner, appeals from the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for attempted sexual assault. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

1. The district court properly found that the decision of the Nevada Supreme Court rejecting Zimmerman's claims that his state conviction violated the Ex Post Facto Clause was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Nevada Supreme Court decision *State v. Barren* makes clear that "some court always has jurisdiction over a criminal defendant," and thus in Zimmerman's case an adult court had jurisdiction over him from the time he turned twenty-one. 279 P.3d 182, 184 (Nev. 2012); *see* Nev. Rev. Stat. §§ 62A.030(1)(b), 62B.330(1). Accordingly, at the time he was identified by law enforcement as the likely offender, Zimmerman would have been subject to the district court's general grant of criminal jurisdiction even absent the 2009 amendment to Nev. Rev. Stat. § 62B.330. *See* 279 P.3d at 184. Zimmerman was thus in the same position as he would have been in had the 2009 amendment not been passed.

2. The state court's conclusion that the five-year pre-arrest prosecution delay did not violate Zimmerman's due process rights was also not contrary to or an unreasonable application of clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1). We defer to the state court's factual determination that prosecutors acted in good faith when they delayed prosecution. *See id.* § 2254(e)(1). Considering the DNA evidence against Zimmerman, any prejudice to Zimmerman

from the delay was minimal.  The five-year delay thus did not deprive Zimmerman of due process.  *See United States v. Lovasco*, 431 U.S. 783, 790 (1977).

    **AFFIRMED.**