# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLOTTE MARIE HODGES,
Appellant,
vs.
DWIGHT NEVEN, WARDEN; AND THE
STATE OF NEVADA,
Respondents.

No. 81425

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge. Charlotte Marie Hodges argues that the district court erred in denying the petition as procedurally barred. We affirm.

Hodges did not file a direct appeal and filed the petition more than one year after entry of the judgment of conviction. Thus, her petition was untimely filed. *See* NRS 34.726(1). Hodges' petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See id.*; NRS 34.810(3). To show good cause, a petitioner must demonstrate an impediment external to the defense preventing compliance with the relevant procedural requirements. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Id.*

21-35984

Hodges first argues that counsel's ineffective assistance in pursuing a direct appeal constitutes good cause when counsel allegedly refused to appeal her conviction without a substantial up-front payment, did not inform her of the deadlines to file an appeal, and dissuaded her from filing an appeal after she requested an appeal. The basis for such a claim would have been established in the period when a notice of appeal could have been timely filed; that is, within 30 days after the judgment of conviction. *See* NRAP 4(b)(1)(A). Hodges did not file the underlying petition until 21 months after the judgment of conviction. Therefore, Hodges did not bring this claim within a reasonable time of its basis becoming available *See Rippo v. State*, 134 Nev. 411, 422, 423 P.3d 1084, 1097 (2018) (concluding that a claim is raised within a reasonable time when the petition is filed within one year after the factual or legal basis for claim became available). The ineffective-assistance claim thus is itself procedurally barred and cannot constitute good cause. *Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506. Hodges' argument that the claim did not become available until she became aware of it fails because ignorance of the law is not an impediment external to the defense and does not constitute good cause. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that a petitioner's mental handicap and poor legal assistance from inmate law clerks did not establish good cause), *superseded by statute on other grounds as stated in State v. Haberstroh*, 119 Nev. 173, 180-81, 69 P.3d 676, 681 (2003); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Hodges next argues that the omnibus criminal act A.B. 236 enacted after her conviction constitutes good cause because it amends sentencing provisions relevant to crimes for which she was convicted. Hodges' reliance upon A.B. 236 is misplaced. Hodges was convicted for crimes committed in 2017; the provisions of A.B. 236 did not go into effect until, variously, 2019 or 2020, 2019 Nev. Stat., ch. 633, §§ 136-37, at 4488. The penalty in effect at commission of the crime applies absent a legislative intent that amendments apply retroactively. *State v. Barren*, 128 Nev. 337, 342 n.5, 279 P.3d 182, 185 n.5 (2012). A.B. 236 contains no retroactivity provisions. *See generally* 2019 Nev. Stat., ch. 633. Therefore, Hodges has not shown any claim she might raise based on A.B. 236, and A.B. 236 does not provide good cause.

Hodges next argues she can overcome application of the procedural bars because she is actually innocent of a burglary she pleaded guilty to in a different case. Hodges had to show that "it is more likely than not that no reasonable juror would have convicted [her] in the light of . . . new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). As the allegation of actual innocence relates to a different conviction, Hodges has not shown good cause in this regard. As Hodges did not show good cause, we conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

To the extent that Hodges argues the district court erred in concluding that her claims of ineffective assistance at sentencing were barred by NRS 34.810(1)(a), we need not reach this issue because Hodges' petition is procedurally barred for the reasons discussed above.

Having considered Hodges' contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Hardesty

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc:  Hon. Kathleen M. Drakulich, District Judge
     Resch Law, PLLC d/b/a Conviction Solutions
     Orrin Johnson Law
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.