138 Nev., Advance Opinion 74

IN THE SUPREME COURT OF THE STATE OF NEVADA

HAMZA ZALYAUL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83334



FILED

NOV 23 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a guilty plea, of attempted sexual assault. Eighth Judicial District Court, Clark County; Tara D. Clark Newberry, Judge.

*Vacated.*

Nevada Defense Group and Damian Robert Sheets, Baylie A. Hellman, Kelsey L. Bernstein, and Alexis E. Minichini, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Robert A. Stephens, Chief Deputy District Attorney, and John T. Afshar, Deputy District Attorney, Clark County,
for Respondent.

_____

BEFORE THE SUPREME COURT, HARDESTY, STIGLICH, and HERNDON, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this appeal, we consider whether the district court has subject matter jurisdiction over criminal charges filed against a 21-year-old

22-36844

adult for delinquent acts committed as a 14-year-old. We conclude that, based on the juvenile justice statutory scheme in NRS Chapter 62B, the district court does not have subject matter jurisdiction over such charges. The juvenile courts have exclusive original jurisdiction over children under 21 years of age who are alleged to have committed a delinquent act. NRS 62B.335(1)(a) allows the juvenile court to transfer to the district court for criminal proceedings cases against adults 21 or older who committed certain delinquent acts when the person was "at least 16 years of age but less than 18 years of age." But otherwise, the juvenile court loses jurisdiction once a child turns 21, and the district court lacks jurisdiction over any charges of delinquent acts, absent certain exceptions not applicable here.[1] Therefore, when a child under the age of 16 commits a delinquent act but is not charged until after turning 21, no court has jurisdiction to hear the case.

Here, after he turned 21, appellant Hamza Zalyaul was charged with committing delinquent acts as a 14-year-old. We conclude that the judgment of conviction rendered by the district court is void for lack of subject matter jurisdiction.

*FACTS AND PROCEDURAL HISTORY*

Zalyaul allegedly sexually assaulted a family friend, S.D., in Las Vegas several times between June 2013 and September 2013, when S.D. was 11 years old and Zalyaul was 14 years old. S.D. reported the abuse to police in September 2013; however, no action was taken because Zalyaul and his family had relocated to Morocco. No further steps were taken until 2019, when it was discovered through an unrelated investigation that

---

[1]This case does not concern, for example, certification of a child for criminal proceedings as an adult under NRS 62B.390 and NRS 62B.400.

Zalyaul had been living in Las Vegas since 2016. The investigation of the 2013 acts was reopened in February 2019. Zalyaul turned 21 in September 2019.

In October 2019, Zalyaul was charged by criminal complaint with six counts of sexual assault with a minor under 14 years of age stemming from the alleged 2013 acts—a category A felony if committed by an adult. NRS 200.366. Zalyaul entered into a plea agreement in the district court, in which he agreed to plead guilty to attempted sexual assault and waive his right to appeal, and the State agreed to recommend probation. The district court accepted the plea, entered a judgment of conviction, and sentenced Zalyaul to 48 to 120 months in prison. Zalyaul now appeals from the judgment of conviction, primarily arguing that the district court lacked subject matter jurisdiction over his criminal case.

## DISCUSSION

As a preliminary matter, the State contends that Zalyaul waived any jurisdictional challenge by pleading guilty and waiving his right to appeal.[2] We reiterate that subject matter jurisdiction cannot be waived, even if a plea agreement waives the right to appeal or specifically waives jurisdictional challenges. *See, e.g.*, *Colwell v. State*, 118 Nev. 807, 812, 59 P.3d 463, 467 (2002) ("[S]ubject-matter jurisdiction is not waivable, and a court's lack of such jurisdiction can be raised for the first time on appeal.").

---

[2]The State also contends that this court does not have jurisdiction to consider this appeal. We conclude this argument lacks merit, as Zalyaul is appealing his judgment of conviction from his guilty plea. *See* NRS 177.015(4) (stating that a defendant may appeal from a guilty plea "upon reasonable constitutional, jurisdictional, or other grounds that challenge the legality of the proceedings").

"Subject matter jurisdiction is the court's authority to render a judgment in a particular category of case." *Landreth v. Malik*, 127 Nev. 175, 183, 251 P.3d 163, 168 (2011) (internal quotation marks omitted). "[I]f the district court lacks subject matter jurisdiction, the judgment is rendered void." *Id.* at 179, 251 P.3d at 166. Subject matter jurisdiction is a question of law, which we review de novo. *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009).

Zalyaul argues that the juvenile court had exclusive jurisdiction over his alleged delinquent acts pursuant to NRS 62B.330 but was divested of jurisdiction once he turned 21. And because the district court lacks jurisdiction over any delinquent acts committed by juveniles, with certain inapplicable exceptions, Zalyaul contends, he could not be criminally charged for those delinquent acts in district court. The State agrees that the juvenile court did not have jurisdiction over the charges against Zalyaul because he was not apprehended until after 21 years of age and thus was not a child within the meaning of the juvenile justice statutes. The State further contends that because the juvenile court did not have jurisdiction, the district court must have had jurisdiction, as some court must have jurisdiction over Zalyaul, and jurisdiction was thus proper with the district court.

NRS 62B.330(1) grants the juvenile courts "*exclusive original jurisdiction* over a child . . . who is alleged or adjudicated to have committed a delinquent act." (Emphasis added.) A "delinquent act" includes, as relevant here, "an act designated a criminal offense pursuant to the laws of the State of Nevada," NRS 62B.330(2)(c), unless the act is deemed not to be delinquent under NRS 62B.330(3) (listing specific "acts . . . deemed not to be a delinquent act" and therefore not within the juvenile court's

jurisdiction). And a "child" is defined, in part, as "[a] person *who is less than 21 years of age* and subject to the jurisdiction of the juvenile court for an unlawful act that was committed before the person reached 18 years of age." NRS 62A.030(1)(b) (emphasis added).

It is undisputed that if Zalyaul was charged before he turned 21, he would have fallen squarely within the juvenile court's jurisdiction because the acts alleged to have been committed when he was 14 years old are designated as criminal offenses (sexual assault under NRS 200.366) and are delinquent acts not otherwise excluded from the juvenile court's jurisdiction. However, because the criminal complaint was not filed until Zalyaul was 21 years old, he is no longer a "child" over which the juvenile court has exclusive jurisdiction under NRS 62B.330.

Juvenile courts also have limited jurisdiction over certain adults charged with delinquent acts. Pursuant to NRS 62B.335(1), if the delinquent act "would have been a category A or B felony if committed by an adult" but was committed by a person between the ages of 16 and 18, and the person is identified by law enforcement before reaching 21 years of age but is not apprehended until after reaching 21 years of age, the juvenile court has jurisdiction to conduct a hearing. In such cases, the juvenile court must decide whether to dismiss the charges or transfer the case "for proper criminal proceedings to any court that would have jurisdiction over the delinquent act if the delinquent act were committed by an adult." NRS 62B.335(4). However, because Zalyaul was charged with committing the delinquent acts when he was 14, not when he "was at least 16 years of age but less than 18 years of age," he does not fall within the juvenile court's limited jurisdiction under NRS 62B.335(1).

Notwithstanding the juvenile courts' exclusive jurisdiction over delinquent acts, the State contends that if a juvenile has not been charged with delinquent acts by the time he or she turns 21, then those acts automatically transform into criminal offenses that may be prosecuted in the district court. We reject this contention for several reasons.

First, such an argument is belied by the statutory scheme because it would completely eviscerate the need for NRS 62B.335. *In re Estate of Thomas*, 116 Nev. 492, 495, 998 P.2d 560, 562 (2000) ("[C]ourts should avoid construing statutes so that any provision or clause is rendered meaningless."). Additionally, NRS 62B.370(1) requires the district court to "transfer a case and record to the juvenile court if, during the pendency of a proceeding involving a criminal offense, it is ascertained that the person who is charged with the offense was less than 18 years of age when the person allegedly committed the offense." The only exception to this rule is "if the proceeding involves a criminal offense: (a) [e]xcluded from the original jurisdiction of the juvenile court pursuant to NRS 62B.330; or (b) [t]ransferred to the court pursuant to NRS 62B.335." NRS 62B.370(2). Thus, because the district court is required to transfer a case to the juvenile court where a child committed a delinquent act, the plain language of the statute demonstrates that a district court does not have jurisdiction over the delinquent act.

Moreover, when looking at what constitutes a delinquent act, we conclude that the Legislature intended for it to mean something other than a criminal act. *See* NRS 62B.335(1)(b) ("[t]he delinquent act *would have been* a category A or B felony if committed by an adult" (emphasis added)); *see also* NRS 62B.335(4)(b) (stating that the juvenile court may "[t]ransfer the case for proper criminal proceedings to any court *that would*

*have jurisdiction over the delinquent act if the delinquent act were committed by an adult*" (emphasis added)). Accordingly, the fact that the district court has jurisdiction over criminal cases does not automatically confer on the district court jurisdiction over delinquent acts once the alleged perpetrator turns 21. A proceeding under the juvenile justice statutes "[i]s not criminal in nature." NRS 62D.010(1)(a); *see also* NRS 62E.010(1) ("A child who is adjudicated [delinquent] is not a criminal and any adjudication is not a conviction . . . ."). Therefore, while the State's contention that some court must have jurisdiction is true for criminal acts, the same is not true for delinquent acts. *Battiato v. Sheriff, Clark Cty.*, 95 Nev. 361, 362, 594 P.2d 1152, 1153 (1979) (noting that district courts "have original jurisdiction of all *criminal cases* except as otherwise provided by law" (emphasis added)); *State v. Barren*, 128 Nev. 337, 340, 279 P.3d 182, 184 (2012) (stating that "some court always has jurisdiction over a *criminal defendant*" (emphasis added)).

Finally, the policy behind juvenile courts also supports the interpretation that district courts do not have jurisdiction over delinquent acts. "The Juvenile Court is theoretically engaged in determining the needs of the child and of society rather than adjudicating criminal conduct. The objectives are to provide measures of guidance and rehabilitation for the child and protection for society, not to fix criminal responsibility, guilt and punishment." *Kent v. United States*, 383 U.S. 541, 554 (1966). Thus, it is not inconceivable that "the [L]egislature would prioritize this policy for juvenile offenders who have matured into adulthood—in hopes they would leave behind their delinquent past." *State v. Neukam*, 189 N.E.3d 152, 155 (Ind. 2022).

When introducing Senate Bill (S.B.) 235 (which later became NRS 62B.335), Deputy District Attorney Jo Lee Wickes explained that the purpose of S.B. 235 was to remedy a current gap in jurisdiction over a person who is more than 21 years of age but who committed delinquent acts as a juvenile. Hearing on S.B. 235 Before the Assemb. Judiciary Comm., 75th Leg., at 17 (Nev., Apr. 22, 2009) (statement of Jo Lee Wickes, Deputy District Attorney, Juvenile Division, Washoe County District Attorney's Office). Specifically, she stated:

> Currently under Nevada law there is a gap in the statutes: if a juvenile under the age of 18 commits a very serious felony—this bill is designed to address class A and B felonies, things such as sexual assault, battery with a deadly weapon, and robbery with a deadly weapon—and they are not apprehended or identified as the alleged perpetrator until after they are 21 years of age, there is currently no jurisdiction by any court in the State of Nevada to pursue any delinquent or criminal sanctions against that person. This is a gap in the legislation of our state. Senate Bill 235 is designed to fill that gap.

*Id.* Accordingly, the statutory scheme and legislative history demonstrate that the Legislature considered that the district court would lack jurisdiction over delinquent acts and specifically opted only to provide jurisdiction in district court over adults who are alleged to have committed certain delinquent acts when they were 16 to 18 years old. Further rebutting the State's claim, the Legislature logically would not have enacted NRS 62B.335 if the district court already had automatic jurisdiction. Absent express conferral, the likeliest explanation is not that the Legislature intended for district courts to have jurisdiction, but rather that it intended for them to lack jurisdiction. *Sonia F. v. Eighth Judicial Dist. Court*, 125 Nev. 495, 499, 215 P.3d 705, 708 (2009) ("[W]here the Legislature

 

has, for example, explicitly applied a rule to one type of proceeding, this court will presume it deliberately excluded the rule's application to other types of proceedings.").

Because a delinquent act is not a criminal act and the Legislature has provided exclusive jurisdiction over delinquent acts to the juvenile courts, we conclude that jurisdiction over delinquent acts is not proper with the district court unless the case is transferred by the juvenile court to the district court for criminal proceedings pursuant to its statutory authority.

## CONCLUSION

We conclude that juvenile courts have exclusive jurisdiction over delinquent acts. Because Zalyaul committed a delinquent act when he was 14 years of age and NRS 62B.335(1)(a) does not provide for any court's jurisdiction over adults aged 21 or older who committed delinquent acts when they were under 16 years of age, the district court lacked jurisdiction. Accordingly, we vacate the district court's judgment of conviction for lack of subject matter jurisdiction.[3]

_____, J.
Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Herndon

---

[3]Our disposition of this issue renders it unnecessary to address Zalyaul's other assignments of error.