578 P.2d 750 (1978)
HOUSTON GENERAL INSURANCE COMPANY and Commercial Standard Insurance Company, Petitioners,
v.
The EIGHTH JUDICIAL DISTRICT COURT of the State of Nevada IN AND FOR the COUNTY OF CLARK, and the Honorable James A. Brennan, Judge, thereof, Respondents.
No. 9700.
Supreme Court of Nevada.
May 10, 1978.
Leavitt & Leavitt, Las Vegas, for petitioners.
Jolley, Urga, & Wirth, Las Vegas, for respondents.

OPINION
PER CURIAM:
Federal National Mortgage Association and Sierra Nevada Arms, plaintiffs below, commenced suit against petitioners upon their respective performance bond obligations as compensated sureties for a construction company. After petitioners had filed a timely answer and cross-claim, plaintiffs successfully moved for a partial summary judgment against them.
Pursuant to Nevada Rules of Civil Procedure, Rule 56(c), which provides in pertinent part that a "summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages," the lower court entered its order that petitioners would be liable under their bond obligations but reserved for trial the issue of damages.
Thereafter, plaintiffs successfully sought leave of court to file an amended complaint pursuant to NRCP 21 adding an additional defendant and claims against that defendant. The complaint, as amended, was served upon petitioners pursuant to NRCP 5(a) but, as to them, was identical to the original complaint. Petitioners, without leave of court, filed both an answer and a counterclaim in response to the amended complaint. A counterclaim had not previously been filed in this action by petitioners and the answer pleaded twenty-one additional affirmative defenses not alleged in the original pleading.
Upon motion of the plaintiffs, the trial court ordered the amended answer and counterclaim stricken. This petition then followed for a writ to prohibit the lower court from preventing petitioners' filing an amended answer, or alternatively, ordering the lower court to vacate its order striking the amended answer.
Two issues are before us. First, whether the extraordinary writs of prohibition or mandamus are here available to petitioners. *751 Second, whether a defendant adversely affected by a partial summary judgment may thereafter file without leave of court a quantitatively and qualitatively different answer to a subsequent amended complaint which affects that party in no material manner but merely alleges additional claims against a new defendant. Since we answer the first question in the negative, we need not and therefore do not reach the second issue.
* * * * * *
* * * * * *
Regarding the threshold issue of this Court's jurisdiction, a writ of prohibition must issue when there is an act to be "arrested" which is "without or in excess of the jurisdiction" of the trial judge under NRS 34.320. Ham v. District Court, 93 Nev. 409, 566 P.2d 420 (1977); Culinary Workers v. Court, 66 Nev. 166, 207 P.2d 990 (1949). A writ of mandate must be issued when required "to compel the performance of an act which the law especially enjoins as a duty resulting from an office" under NRS 34.160. Board of Comm'rs v. Dayton Dev. Co., 91 Nev. 71, 530 P.2d 1187 (1975); Walsh ex rel. v. Buckingham, 58 Nev. 342, 80 P.2d 910 (1938). Respecting the remedies sought by petitioners, it is not the province of an extraordinary writ, such as prohibition or mandamus, to control the judicial discretion of a district court. Pinana v. Dist. Ct., 75 Nev. 74, 334 P.2d 843 (1959). In the instant case, the trial court was well within its discretion in striking the amended pleadings, as the trial judge was neither "without or in excess" of his jurisdiction, or compelled to perform the requested act as the law did not "especially" enjoin him to "as a duty resulting from an office."
The petition for writ of prohibition or in the alternative a writ of mandate is denied.