IN THE MATTER OF GEORGE J., A MINOR.

GEORGE J., APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 57233

June 28, 2012                                    279 P.3d 187

[Rehearing denied September 27, 2012]
[En banc reconsideration denied November 28, 2012]

*Philip J. Kohn*, Public Defender, and *Susan Deems Roske*, Deputy Public Defender, Clark County, for Appellant.

---

*Catherine Cortez Masto*, Attorney General, Carson City; *Steven B. Wolfson*, District Attorney, *Mary D. Brown*, Chief Deputy District Attorney, and *Nicole J. Cannizzaro*, Deputy District Attorney, Clark County, for Respondent.

Before CHERRY, C.J., PICKERING and HARDESTY, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we analyze the relationship between two statutory provisions, enacted in 2009, that govern the extent of the juvenile court's jurisdiction: NRS 62B.330(3)(e)(1) and NRS 62B.335. Both provisions address a person who has been charged with com-

mitting an offense when the person was between 16 and 18 years of age that would be a category A or B felony if committed by an adult. In those circumstances, NRS 62B.330(3)(e)(1) provides that the act is not a ''delinquent act'' and divests the juvenile court of jurisdiction if the person is identified and charged between the ages of 20 years, 3 months and 21 years. Pursuant to NRS 62B.335, if a person charged with a delinquent act that would have been a category A or B felony if committed by an adult is identified before reaching 21 years of age but is not apprehended until after reaching 21 years of age, then the juvenile court retains jurisdiction to conduct a hearing. The purpose of the hearing authorized under NRS 62B.335 is to determine whether to dismiss the charges or transfer the case to district court for criminal proceedings. NRS 62B.335(3), (4).

Reading the statutes together, we conclude that NRS 62B.335 only applies to delinquent acts and therefore does not apply to acts that are ''deemed not to be a delinquent act'' under NRS 62B.330(3). Thus, if the case is excluded from the juvenile court's jurisdiction under NRS 62B.330(3), then the juvenile court does not obtain jurisdiction by virtue of NRS 62B.335. Here, the juvenile court lacked jurisdiction under NRS 62B.330(3)(e)(1). We nonetheless affirm because the juvenile court reached the correct result by transferring the case to the district court for adult criminal proceedings.

## FACTS AND PROCEDURAL HISTORY

In January 2007, when appellant George J. was 17 years of age, he allegedly committed the following acts: (1) home invasion, (2) burglary, (3) grand larceny, (4) grand larceny of an automobile, and (5) burglary of an automobile. Each of these acts could be a category A or B felony if committed by an adult. *See generally* NRS Chapter 205. In February 2010, when George was 20 years, 8 months of age, the State identified him as the alleged perpetrator through latent fingerprints retrieved from an exterior window at the scene of the crime. In April 2010, when George was 20 years, 10 months of age, the State filed a delinquency petition against him in the juvenile court. In June 2010, George turned 21 years of age. In August 2010, George, who was in custody on other charges, was apprehended when he was served with the outstanding arrest warrant for the charges in the petition.

In the proceedings before the juvenile court, the State and George disputed the applicability of newly enacted NRS 62B.330(3)(e)(1) and NRS 62B.335(1). George argued that while NRS 62B.335 was better-suited to the facts of his case, it did not apply because it was not in effect at the time that he allegedly committed the offenses. He further argued that NRS 62B.335 could not

apply retroactively and that retroactive application of that statute would constitute an ex post facto violation. Conversely, the State argued that NRS 62B.330 governed this case and thereby divested the juvenile court of jurisdiction. The juvenile court determined that NRS 62B.335 applied to George's case. It further concluded that there was probable cause to believe that George committed the alleged offenses, and it transferred George's case to the justice court for criminal proceedings. George appeals.

## DISCUSSION

This appeal presents a single issue for our review: the resolution of the apparent contradiction between NRS 62B.330 and NRS 62B.335 governing the jurisdiction of the juvenile court.[1] On appeal, the State maintains that NRS 62B.330(3)(e)(1) governs this case and divests the juvenile court of jurisdiction over George, thereby leaving jurisdiction in the district court.[2] Conversely, George argues that if any statute governs jurisdiction, it is NRS 62B.335. Specifically, he argues that "[r]ead in its entirety, it is quite clear that the [L]egislature intended NRS [ ]62B.335 to apply [to] all individuals excluded pursuant to NRS [ ]62B.330(3)(e) and apprehended after their 21st birthday."

" ' "The construction of a statute is a question of law that this court reviews de novo.' " *Hardy Companies, Inc. v. SNMARK, LLC,* 126 Nev. 528, 533, 245 P.3d 1149, 1153 (2010) (quoting *A.F. Constr. Co. v. Virgin River Casino,* 118 Nev. 699, 703, 56 P.3d 887, 890 (2002)). When interpreting a statute, this court first examines its plain language to determine the Legislature's intent behind the statute. *State v. Lucero,* 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011); *see also Hobbs v. State,* 127 Nev. 234, 237,

---

[1]Because these statutes were already in effect at the time that the State initiated the proceedings, we conclude that they apply to George's case regardless of when George allegedly committed the offenses. *See State v. Barren,* 128 Nev. 337, 279 P.3d 182 (2012). Accordingly, we need not reach the parties' arguments as to whether the statutes may apply retroactively or whether retroactive application would constitute an ex post facto violation. Rather, the only issue is which statutory provision applies.

[2]George argues that the issue of which statute governs is not properly raised because the State did not raise the issue in a cross-appeal. Because the juvenile court transferred the case for adult criminal proceedings, the State is arguably not an aggrieved party and therefore could not file a cross-appeal. *See Valley Bank of Nevada v. Ginsburg,* 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) ("NRAP 3A(a) limits the right of appeal to 'part[ies] aggrieved' by a district court's decision." (alteration in original) (quoting NRAP 3A(a))). However, regardless of whether the State properly raised the issue, this court can sua sponte consider jurisdictional issues. *Landreth v. Malik,* 127 Nev. 175, 179, 251 P.3d 163, 166 (2011); *Koller v. State,* 122 Nev. 223, 228-29, 130 P.3d 653, 656 (2006).

251 P.3d 177, 179 (2011). This court "avoid[s] statutory interpretation that renders language meaningless or superfluous," and "[i]f the statute's language is clear and unambiguous, [this court will] enforce the statute as written." *Hobbs*, 127 Nev. at 237, 251 P.3d at 179. Likewise, this court " 'will interpret a rule or statute in harmony with other rules and statutes,' " *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006) (quoting *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 993, 860 P.2d 720, 723 (1993)); *see also Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 716 (2007) ("[T]his court considers the statute's multiple legislative provisions as a whole . . . [and will] not render any part of a statute meaningless."). We conclude that pursuant to the plain terms of the two statutes in question here, NRS 62B.335 only applies to offenses that are not excluded from the juvenile court's jurisdiction by NRS 62B.330(3).

While NRS 62B.330(1) grants a juvenile court exclusive original jurisdiction over a child "who is alleged or adjudicated to have committed a delinquent act," NRS 62B.330(3) limits the definition of "delinquent act" by listing acts that are not considered to be "delinquent" and are therefore not within the juvenile court's exclusive jurisdiction. Such nondelinquent acts over which the juvenile court has no jurisdiction, even when committed by a child, include murder, attempted murder, sexual assault, and attempted sexual assault. NRS 62B.330(3)(a)-(b). Significantly, when amended in 2009, NRS 62B.330 further excluded from the juvenile court's jurisdiction the following nondelinquent acts:

> 3. For the purposes of this section, each of the following acts *shall be deemed not to be a delinquent act*, and the juvenile court does not have jurisdiction over a person who is charged with committing such an act:
>
> . . . .
>
> (e) A category A or B felony and any other related offense arising out of the same facts as the category A or B felony, regardless of the nature of the related offense, if the person was at least 16 years of age but less than 18 years of age when the offense was committed, and:
>
> (1) The person is not identified by law enforcement as having committed the offense and charged before the person is at least 20 years, 3 months of age, but less than 21 years of age.

NRS 62B.330(3)(e)(1) (emphasis added). Thus, a person who commits a category A or B felony and related offenses when the person was between 16 and 18 years of age but who is not identified and charged before 20 years, 3 months of age would be excluded

from the juvenile court's jurisdiction because those acts would not be deemed to be delinquent acts.

The juvenile court's jurisdiction over a person charged with certain delinquent acts that would be a category A or B felony and occurred when the person was between the ages of 16 and 18 years of age is also addressed in NRS 62B.335. That statute gives the juvenile court jurisdiction to conduct a hearing to determine whether to dismiss charges or transfer a case to district court for criminal proceedings where a person has been charged with such offenses and was identified by law enforcement before reaching 21 years of age but was not apprehended until after 21 years of age. NRS 62B.335(1)-(4). But the statute applies only to a *delinquent act* that also meets the requirements set forth in the statute as to the nature of the offense and the age of the offender. Specifically, if:

> (a) A person is charged with the commission of a *delinquent act* that occurred when the person was at least 16 years of age but less than 18 years of age;
> (b) The *delinquent act* would have been a category A or B felony if committed by an adult;
> (c) The person is identified by law enforcement as having committed the *delinquent act* before the person reaches 21 years of age; and
> (d) The person is apprehended by law enforcement after the person reaches 21 years of age,
> the juvenile court has jurisdiction over the person to conduct a hearing and make the determinations required by this section in accordance with the provisions of this section.

NRS 62B.335(1) (emphases added). By its terms, NRS 62B.335(1) only applies to delinquent acts. This terminology is consistent with NRS 62B.330, which provides that the juvenile court has jurisdiction over a child who commits a delinquent act and defines certain acts that are not delinquent acts and therefore are not within the juvenile court's jurisdiction. NRS 62B.335 therefore can never apply to acts that NRS 62B.330(3) "deem[s] not to be a delinquent act" because those acts are not within the juvenile court's jurisdiction. Otherwise, NRS 62B.335 would circumvent NRS 62B.330(3) and grant a juvenile court jurisdiction to transfer or dismiss other acts that are deemed not to be delinquent acts under NRS 62B.330(3), such as murder or sexual assault, provided that the requirements set forth in NRS 62B.335(1) are met. Reading NRS 62B.335 in this way would create an absurd result, which this court seeks to avoid. *Pellegrini v. State*, 117 Nev. 860, 874, 34 P.3d 519, 528-29 (2001) (explaining that this court "construe[s] statutory language to avoid absurd or unreasonable results, and,

if possible, we will avoid any interpretation that renders nugatory part of a statute''). Therefore, reading NRS 62B.330(3) and NRS 62B.335 in ''harmony'' with each other, *Albios*, 122 Nev. at 418, 132 P.3d at 1028 (internal quotations omitted), and ''not render[ing] nugatory part of [either] statute,'' *Pellegrini*, 117 Nev. at 874, 34 P.3d at 529, we conclude that NRS 62B.335 applies only to cases that are within the juvenile court's jurisdiction under NRS 62B.330. Thus, if the juvenile court lacks jurisdiction pursuant to NRS 62B.330(3), it does not then obtain jurisdiction by virtue of NRS 62B.335.

We now consider whether NRS 62B.330(3)(e)(1) applies to George's case. George allegedly committed the delinquent acts when he was 17 years of age, the delinquent acts would have been category A or B felonies if committed by an adult, and George was identified and charged when he was between the ages of 20 years, 3 months and 21 years. Under these circumstances, the charged acts are not delinquent acts and are therefore not within the juvenile court's jurisdiction. NRS 62B.330(3)(e)(1). Accordingly, the juvenile court erred when it determined that NRS 62B.335 granted it jurisdiction in this case. However, because the juvenile court ultimately reached the correct result by transferring the case to the district court, we affirm.[3] *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (''If a judgment or order of a [lower] court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.'').

CHERRY, C.J., and PICKERING, J., concur.

---

[3]Based on our disposition today, we need not reach whether the juvenile court correctly analyzed the NRS 62B.335 considerations to find probable cause.