In the Matter of STEVEN DANIEL P., a Minor Child.

THE STATE OF NEVADA, Appellant, *v.*
STEVEN DANIEL P., a Minor Child, Respondent.

No. 61068

October 3, 2013                                          309 P.3d 1041

*Catherine Cortez Masto*, Attorney General, Carson City; *Richard A. Gammick*, District Attorney, and *Lori L. Plater*, Deputy District Attorney, Washoe County, for Appellant.

---

[1]In light of the resolution of this appeal, we decline to reach the parties' remaining contentions.

*Jennifer L. Lunt*, Alternate Public Defender, and *Krista D. Meier* and *Cynthia Lu*, Deputy Alternate Public Defenders, Washoe County, for Respondent.

Before HARDESTY, PARRAGUIRRE and CHERRY, JJ.

## OPINION

By the Court, HARDESTY, J.:

The State filed a delinquency petition alleging that respondent Steven P., a juvenile, committed unlawful acts that would be felony and gross misdemeanor charges if committed by an adult. Without the district attorney's written approval, the juvenile court dismissed the State's petition and referred Steven to the probation office for informal supervision. In this appeal, we are asked to determine whether the juvenile court has authority under NRS 62C.230(1)(a) to dismiss a delinquency petition and refer a juvenile for informal supervision pursuant to NRS 62C.200 without the written approval of the district attorney, and whether the juvenile court's discretion in overseeing a juvenile matter is limited by the

authority granted under the Nevada Revised Statutes. We conclude that NRS 62C.230(1)(a) grants the juvenile court authority to dismiss a petition and refer a juvenile for informal supervision only when the requirements of NRS 62C.200 have been met, including the requirement that the district attorney give written approval for placement of the juvenile under informal supervision where the acts alleged in the petition would be a felony or gross misdemeanor if committed by an adult. Further, we conclude that the juvenile court is limited by the provisions of NRS Title 5 when exercising its authority to carry out its duties in overseeing juvenile justice matters.

## FACTS AND PROCEDURAL HISTORY

The State filed a delinquency petition on September 12, 2011, alleging that Steven P., a juvenile, committed burglary (a felony) and conspiracy to commit burglary (a gross misdemeanor). The parties negotiated a dismissal of the burglary allegation in exchange for Steven admitting the conspiracy allegation and agreeing to adjudication on that allegation.

On January 9, 2012, the juvenile court accepted the plea bargain and dismissed the burglary allegation. The probation officer assigned to Steven specifically recommended in a risk and needs assessment report that Steven be placed on formal probation. Based on this report, the State requested at the hearing that Steven be made ''a delinquent ward of the court'' and placed on probation. The court reserved ruling on the State's petition and on Steven's probationary status because of concerns with ordering formal probation.

Approximately one month after the dispositional hearing, no decision on the status of Steven's case had been made. The State filed a motion for adjudication, contending that pursuant to NRS 62D.310(1), a final disposition of the case was required within 60 days of the filing of the petition on September 12, 2011.[1] In its motion, the State reasserted its request that the juvenile court adjudicate Steven on the conspiracy allegation. Additionally, the State indicated that Steven ''could earn a deferred status and dismissal of the charge if he successfully complete[d] probation and ha[d] no further delinquent referrals.'' The State contended that pursuant to NRS 62C.200-.230, deferred adjudication required approval from the district attorney prior to the juvenile court allowing informal supervision.

The juvenile justice statutes provide for informal supervision. When a complaint alleges a juvenile is delinquent or in need of supervision, a probation officer conducts a preliminary inquiry and makes a recommendation whether a petition for delinquency

---

[1]Steven's counsel did not oppose the State's motion.

should be filed or whether the interests of the juvenile would be better served by placing the juvenile under informal supervision pursuant to NRS 62C.200. NRS 62C.100(1). If the probation officer recommends informal supervision following a complaint, NRS 62C.200(1)(b) provides that a juvenile may be informally supervised by a probation officer if ''[t]he district attorney gives written approval for placement of the child under informal supervision, [and] if any of the acts alleged . . . would have constituted a gross misdemeanor or felony if committed by an adult.'' If, however, a petition for delinquency is filed, ''the juvenile court may . . . refer the child to the probation officer for informal supervision pursuant to NRS 62C.200.'' NRS 62C.230(1)(a). Additionally, NRS 62C.230(1)(b) provides that a juvenile may be placed under supervision ''pursuant to a supervision and consent decree, without a formal adjudication of delinquency, if the juvenile court receives: (1) [t]he recommendation of the probation officer; (2) [t]he written approval of the district attorney; and (3) [t]he written consent and approval of the child and the parent or guardian of the child.''

Here, a petition had been filed. Thus, NRS 62C.230 addresses the availability of informal supervision. Without the district attorney's written approval, the juvenile court dismissed the State's petition and referred Steven for informal supervision. The juvenile court reasoned that NRS 62C.230(1)(a) did not require written approval from the district attorney. Based on this interpretation of the statute, the juvenile court determined that it could dismiss the State's petition and refer Steven for informal supervision. The State now appeals the juvenile court's order.

## DISCUSSION

The State argues that the juvenile court erroneously dismissed its delinquency petition and referred Steven to the juvenile probation office for informal supervision because the district attorney's written approval is required pursuant to NRS 62C.230(1)(a). The State further asserts that the juvenile court has limited authority under the Nevada Revised Statutes and, accordingly, its power to dismiss the State's delinquency petition is subject to statutory authorization. We agree with both of the State's contentions.

*The juvenile court does not have authority under NRS 62C.230(1)(a) to dismiss a delinquency petition and refer a juvenile for informal supervision without the written approval of the district attorney*

Whether the juvenile court has authority pursuant to NRS 62C.230(1)(a) to dismiss a delinquency petition and refer a juve-

nile for informal supervision without the district attorney's written approval is a matter of statutory interpretation. "Statutory interpretation is a question of law subject to de novo review." *State v. Eric A.L. (In re Eric A.L.)*, 123 Nev. 26, 31, 153 P.3d 32, 35 (2007). "When construing a statute, this court looks to the words in the statute to determine the plain meaning of the statute, and this court will not look beyond the express language unless it is clear that the plain meaning was not intended." *Hernandez v. Bennett-Haron*, 128 Nev. 580, 595, 287 P.3d 305, 315 (2012); *see also In re Eric A.L.*, 123 Nev. at 31, 153 P.3d at 35 (acknowledging that "this court must attribute the plain meaning to an unambiguous statute"). "This court 'avoid[s] statutory interpretation that renders language meaningless or superfluous,' and '[i]f the statute's language is clear and unambiguous, [this court will] enforce the statute as written.' " *George J. v. State (In re George J.)*, 128 Nev. 345, 349, 279 P.3d 187, 190 (2012) (alterations in original) (quoting *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011)). Additionally, we construe "statutes to preserve harmony among them." *Canarelli v. Eighth Judicial Dist. Court*, 127 Nev. 808, 814, 265 P.3d 673, 677 (2011).

### NRS 62C.230(1)(a)

NRS 62C.230(1)(a) states that "[i]f the district attorney files a petition with the juvenile court, the juvenile court may . . . [d]ismiss the petition without prejudice and refer the child to the probation officer for informal supervision *pursuant to NRS 62C.200*." (Emphasis added.) The State focuses on the language "pursuant to NRS 62C.200" and argues that it is restrictive—it requires the juvenile court to determine whether the requirements of NRS 62C.200 are met before dismissing the petition and referring the juvenile for informal supervision. Steven contends that NRS 62C.230(1)(a) provides only that the juvenile court "may" dismiss the district attorney's petition without prejudice "and" consider referring the juvenile for informal supervision as defined under NRS 62C.200. In his view, the reference to NRS 62C.200 serves only to define the informal supervision, not to restrict when the juvenile court may exercise its discretion under NRS 62C.230(1)(a) to dismiss a petition and refer a juvenile for informal supervision. To resolve this dispute, we must interpret the phrase "pursuant to."

According to *Black's Law Dictionary*, the term "pursuant to" means "[i]n compliance with; in accordance with; under . . . [a]s authorized by; under . . . [i]n carrying out." 1356 (9th ed. 2009). Other jurisdictions have construed the term "pursuant to" to hold a restrictive effect. For instance, in *Stocker v. Sheehan*, the New York appellate court stated that "[t]he term 'pursuant to' in the Connecticut statute limiting exclusive, continuing jurisdiction to de-

terminations made 'pursuant to' another referenced statute is a 're-strictive term[,]' meaning that the referenced statute must be the 'legal mechanism' under which the determination was made." 786 N.Y.S.2d 126, 131 (App. Div. 2004) (citation omitted). *See also John Allan Love Charitable Found. v. United States*, 540 F. Supp. 238, 244 (E.D. Mo. 1982) (discussing "pursuant to" language as used in trust documents and stating that "the issue really is whether the trust instrument was the legal mechanism under which the payments were made"); *Knowles v. Holly*, 513 P.2d 18, 23 (Wash. 1973) (holding that the term "pursuant to" is a "restrictive term" (internal quotations omitted)).

Here, under the plain language of NRS 62C.230(1)(a), we conclude that the juvenile court may dismiss the State's petition and refer a juvenile for informal supervision *only* upon the juvenile court's determination that the requirements of NRS 62C.200 have been met. *See Stocker*, 786 N.Y.S.2d at 131.

### NRS 62C.200

NRS 62C.200 includes preconditions for a juvenile to be placed under informal supervision of a probation officer. It states, in pertinent part, that,

> 1. When a complaint is made alleging that a child is delinquent or in need of supervision, the child may be placed under the informal supervision of a probation officer *if*:
> (a) The child voluntarily admits participation in the acts alleged in the complaint; *and*
> (b) The *district attorney gives written approval* for placement of the child under informal supervision, *if* any of the acts alleged in the complaint are unlawful acts that would have constituted a gross misdemeanor or felony if committed by an adult.

NRS 62C.200(1) (emphases added).

Based on the plain language of this statute, we conclude that written approval is required from the district attorney before the juvenile court can place a juvenile under informal supervision when the juvenile has allegedly committed an unlawful act that would be a gross misdemeanor or a felony if committed by an adult.

Steven contends that the statutory language of NRS 62C.200 does not specify who is required to seek written approval from the district attorney prior to referring a juvenile for informal supervision. Relying on NRS 62C.100(1),[2] he asserts that the juvenile

---

[2]NRS 62C.100(1) states, in pertinent part, that

[w]hen a complaint is made alleging that a child is delinquent or in need of supervision[,] . . . [t]he complaint must be referred to a probation officer . . . to determine whether the best interests of the child or of the

court construed NRS 62C.200 as requiring the probation officer—not the juvenile court—to obtain such written approval from the district attorney and therefore it does not limit the juvenile court's authority.

Although NRS 62C.100(1) includes the restrictive term *"pursuant to NRS 62C.200,"* it applies to a probation officer's determination upon a preliminary inquiry after a complaint is made alleging that a juvenile is delinquent. (Emphasis added.) Therefore, a *probation officer* is required to comply with NRS 62C.200 if the officer recommends placing a juvenile under informal supervision rather than filing a delinquency petition. *See* NRS 62C.100(1)(b). However, we determine that NRS 62C.100(1) is not relevant to the juvenile court's statutory obligation under NRS 62C.230(1)(a) to ensure that the requirements of NRS 62C.200 have been met (including that the district attorney gives written approval) before the juvenile court dismisses the State's petition and refers a juvenile for informal supervision. *See Canarelli*, 127 Nev. at 814, 265 P.3d at 677 (noting that this court construes "statutes to preserve harmony among them"). To hold otherwise would render the restrictive language in NRS 62C.230(1)(a) meaningless. *See In re George J.*, 128 Nev. at 349, 279 P.3d at 190 (stating that this court " 'avoid[s] statutory interpretation that renders language meaningless or superfluous' " (alteration in original) (quoting *Hobbs*, 127 Nev. at 237, 251 P.3d at 179)).

Therefore, we conclude that the plain language of NRS 62C.230(1)(a) and NRS 62C.200(1) required the juvenile court to obtain the written approval of the district attorney before dismissing the State's delinquency petition and referring Steven for informal supervision because Steven had been charged with unlawful acts (conspiracy to commit burglary and burglary) that would be a gross misdemeanor or a felony if committed by an adult.[3]

*NRS 62C.230(1)(b) does not eliminate the requirement of written approval from the district attorney*

Steven argues that NRS 62C.230(1)(b) supports his contention that the juvenile court is not required to seek written approval from the district attorney prior to referring a juvenile for informal supervision under NRS 62C.230(1)(a) because unlike paragraph (a), which has the restrictive reference to NRS 62C.200, paragraph

---

> public . . . [r]equire that a petition be filed[ ] or . . . [w]ould better be served by placing the child under informal supervision *pursuant to NRS 62C.200.*

(Emphasis added.)

[3]Although the district attorney later dismissed the burglary allegation, the conspiracy-to-commit-burglary allegation remained at the time that the juvenile court entered its order.

(b) expressly states that the juvenile court is required to obtain the approval of the district attorney when ordering a "supervision and consent decree." Steven basically posits that because paragraph (a) does not include the same language, the Legislature did not intend to require the district attorney's approval for the juvenile court to act under paragraph (a).[4] We cannot agree with this interpretation because it would require that we ignore the express language in paragraph (a) that incorporates NRS 62C.200.

The United States Supreme Court has held that " '[w]here one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute.' " *Hassett v. Welch*, 303 U.S. 303, 314 (1938) (quoting 2 J.G. Sutherland & John Lewis, *Statutes and Statutory Construction* 787 (2d ed. 1904)); *see also State ex rel. Walsh v. Buckingham*, 58 Nev. 342, 349, 80 P.2d 910, 912 (1938) ("A statute by reference made a part of another law becomes incorporated in it and remains so as long as the former is in force."). Because NRS 62C.230(1)(a) refers to, and thus incorporates the statutory language of, NRS 62C.200, compliance with the latter statute's provisions is necessary in order for the juvenile court to exercise its authority under NRS 62C.230(1)(a). *See In re George J.*, 128 Nev. at 349, 279 P.3d at 190 ("[T]his court 'will interpret a rule or statute in harmony with other rules and statutes' " to avoid rendering any part of a statute meaningless (quoting *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006))). Conversely, NRS 62C.230(1)(b) includes in its statutory language the specific requirements for placement of a juvenile under a "supervision and consent decree," and the juvenile court need not look to other statutory provisions in order to take action under that provision.

Thus, we reject Steven's argument that the statutory language of NRS 62C.230(1)(b) supports his contention that the juvenile court is not required to seek written approval from the district attorney before exercising its discretion under NRS 62C.230(1)(a) to dismiss a petition and refer a juvenile for informal supervision.

---

[4]NRS 62C.230(1)(b) provides:

> [i]f the district attorney files a petition with the juvenile court, the juvenile court may:
>
> . . . .
>
> (b) Place the child under the supervision of the juvenile court pursuant to a supervision and consent decree, without a formal adjudication of delinquency, if the juvenile court receives:
>
> (1) The recommendation of the probation officer;
> (2) The written approval of the district attorney; and
> (3) The written consent and approval of the child and the parent or guardian of the child.

*The juvenile court's authority is statutorily limited*

Finally, the State contends that the juvenile court's discretionary power to dismiss a delinquency petition and refer a juvenile for informal supervision is limited to the authority granted under the Nevada Revised Statutes, and the juvenile court cannot usurp the legislative and executive power provided under the separation of powers doctrine. Steven argues that the juvenile court maintains broad judicial discretion in deciding the matters before it and is tasked with serving as an appropriate check on prosecutorial conduct under the separation of powers doctrine.

In *State v. Barren*, this court held that " 'the juvenile court system is a creation of statute, and it possesses only the jurisdiction expressly provided for it in the statute.' " 128 Nev. 337, 341, 279 P.3d 182, 184 (2012) (quoting *Kell v. State*, 96 Nev. 791, 792-93, 618 P.2d 350, 351 (1980)); *see also State v. Bill*, 91 Nev. 275, 277, 534 P.2d 1264, 1265 (1975) ("The Juvenile Court Act's grant of exclusive and original jurisdiction is limited . . . .").

Title 5 of the Nevada Revised Statutes encompasses Nevada's Juvenile Justice Code. NRS 62A.360(1) declares that the title should be construed liberally to ensure all juveniles receive appropriate care and guidance. And one of the purposes behind the title is to "promote the establishment, supervision and implementation of preventative programs that are designed to prevent a child from becoming subject to the jurisdiction of the juvenile court." NRS 62A.360(2).

NRS 62B.010(4) states that "a judge of the juvenile court has all the powers and duties set forth in this title," and under NRS 62B.300(2), the juvenile court must exercise its "jurisdiction pursuant to the provisions of" Title 5. Therefore, the juvenile court's discretion to dismiss the State's delinquency petition and refer Steven for informal supervision was expressly limited by statute as we discuss above, and we conclude that the juvenile court exceeded *its* statutory authority here.

For the reasons set forth above, we reverse the juvenile court's order and remand this matter for further proceedings consistent with this opinion.

Parraguirre and Cherry, JJ., concur.