140 Nev., Advance Opinion 18

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF I.S., A CHILD AS DEFINED BY NRS 62A.030. | No. 86035 |

IN THE MATTER OF I.S., A CHILD AS DEFINED BY NRS 62A.030.

I.S.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 86035



FILED

MAR 28 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order affirming and adopting a juvenile master's recommendations to adjudicate appellant a delinquent child and to impose formal probation conditions. Second Judicial District Court, Family Division, Washoe County; Bridget E. Robb, Judge.

*Affirmed.*

Evelyn Grosenick, Public Defender, John Reese Petty, Chief Deputy Public Defender, and Katherine C. Maher, Deputy Public Defender, Washoe County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Shelly K. Scott, Chief Deputy District Attorney, Washoe County,
for Respondent.

BEFORE THE SUPREME COURT, CADISH, C.J., and PICKERING and BELL, JJ.

24-11075

## OPINION

By the Court, CADISH, C.J.:

The district court affirmed and adopted a juvenile court master's recommendations to adjudicate appellant I.S. a delinquent and place I.S. on formal probation despite Juvenile Services' recommendation for informal supervision. In doing so, the court rejected I.S.'s argument that NRS 62C.200(1)(b) creates an unconstitutional prosecutorial veto by requiring the district attorney's written approval before informal supervision may be ordered notwithstanding that NRS 62C.230(1)(a) gives a juvenile court authority to dismiss a petition without prejudice and refer the child to a probation officer for informal supervision. I.S. maintains on appeal that NRS 62C.200 is inconsistent with the separation of powers doctrine.

As I.S. is no longer under supervision, we first address whether this appeal is moot. Because I.S. is under 18 and his record has not been sealed, collateral consequences of the underlying adjudication remain, and thus, we conclude that this appeal is not moot. As to the merits, we conclude that NRS 62C.200(1) does not create a separation of powers issue because the court's ability to dismiss a petition without prejudice and refer a juvenile to informal probation is not a sentencing decision in nature, and thus, the statute does not encroach on the court's sentencing discretion. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

The Washoe County District Attorney filed a juvenile delinquency petition against appellant I.S., charging I.S. with the unlawful acts of possessing a schedule I controlled substance and placing graffiti on or otherwise defacing property. If I.S. had been charged with the same

SUPREME COURT
OF
NEVADA

(O) 1947A

2

unlawful acts in the adult criminal justice system, the drug possession would have been charged as a felony and the graffiti act would have been charged as a gross misdemeanor. The Washoe County Department of Juvenile Services (Juvenile Services) filed a dispositional report, recommending the petition be dismissed and I.S. be referred to juvenile probation for informal supervision. Juvenile Services indicated the informal supervision should require I.S. to complete 100 hours of a work program or community service and a youth development program, and that I.S. should be required to pay restitution.

During the plea entry hearing, I.S. "freely, knowingly and voluntarily admitted to the allegations contained in the Petition." At the subsequent dispositional hearing, Juvenile Services recommended the informal sanctions outlined in its dispositional report. Meanwhile, the State argued I.S. should proceed to formal adjudication. In response, I.S. argued that NRS 62C.200(1)(b)'s requirement of prosecutorial consent before a juvenile court may dismiss a petition and send a juvenile to informal supervision under NRS 62C.230 unconstitutionally violated the separation of powers between the executive and judicial branches of government. The parties then briefed whether the court should sever the language in NRS 62C.200(1)(b) as an unconstitutional prosecutorial veto.

In his opening brief before the juvenile master, I.S. asserted that NRS 62C.200(1)(b) unconstitutionally infringed on the juvenile court's sentencing discretion by requiring the prosecutor's written consent to dismissal of a petition and referral of the juvenile to informal supervision as a prerequisite to the juvenile court taking such action. I.S. argued the juvenile court's sentencing discretion was invoked when I.S. admitted to both counts in the petition and entered a plea. Therefore, I.S. contended,

the prosecutorial-consent portion of NRS 62C.200(1)(b), as incorporated in NRS 62C.230, unconstitutionally conditioned the juvenile court's exercise of its sentencing discretion upon prosecutorial approval.

In opposition, the State first argued that the juvenile court, unlike adult criminal courts, is a creation of statute and only possesses the jurisdiction specifically provided for it in Title 5 of the Nevada Revised Statutes. Second, the State argued that *In re Steven Daniel P.*, 129 Nev. 692, 309 P.3d 1041 (2013), disposed of the very separation of powers argument presented by I.S. Third, the State posited that I.S.'s case was distinguishable from *State v. Second Judicial District Court (Hearn)*, 134 Nev. 783, 432 P.3d 154 (2018), on which I.S. relied, in part because, unlike the veterans court program at issue there, NRS 62C.200 and NRS 62C.230 allow for resolution without any court involvement.

The juvenile master entered findings and a recommendation wherein she determined that NRS 62C.230(1) grants the juvenile court sentencing power, which is then unconstitutionally limited by NRS 62C.200(1)(b)'s requirement for written prosecutorial approval. The juvenile master recommended the district court decline to follow the portion of the statute requiring the prosecutorial consent. On the State's objection, the district court reversed the master's recommendations, finding NRS 62C.200(1)(b) did not violate the separation of powers doctrine. The district court pointed to the limited statutorily prescribed jurisdiction of the juvenile court and how the juvenile statutes allow for resolution of a juvenile's alleged violations of criminal laws without any court involvement.

On remand, the juvenile master recommended adjudicating I.S. guilty of the two charges, deeming him a ward of the court, and placing him on formal probation. The master found I.S. subject to the same conditions

of probation and supervision outlined in the dispositional report, some of which I.S. had already completed, and recommended I.S. participate in a program and pay restitution. With no timely objection filed, the district court entered an order affirming and adopting the juvenile master's recommendations. This appeal followed.

## DISCUSSION

*The appeal is not moot because an adjudication of juvenile delinquency creates a presumption of collateral consequences*

After I.S. appealed, the juvenile court entered an order adopting the juvenile master's recommendation that I.S. was no longer subject to juvenile probation supervision pending the final closure of the matter. I.S. acknowledges that his appeal may have become moot because he is no longer subject to juvenile probation supervision. "The question of mootness is one of justiciability." *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 254 P.3d 572, 574 (2010). Therefore, an actual controversy must be present at all stages of the proceeding. *Id.* Within the context of criminal cases, we have recognized that such a controversy still exists even after the sentence is completed due to "disabilities or burdens" resulting from a conviction. *See Martinez-Hernandez v. State*, 132 Nev. 623, 626, 380 P.3d 861, 864 (2016) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). Thus, a habeas petitioner possesses a "substantial stake" in the judgment of conviction that survives satisfaction of the petitioner's resultant sentence. *Id.* (quoting *Carafas*, 391 U.S. at 237); *see also id.* at 627, 380 P.3d at 864 ("[I]n instances where collateral consequences of a conviction exist, a habeas petition challenging the validity of a judgment of conviction does not become moot when the petitioner, who was in custody at the time the petition was filed, is released from custody subsequent to the filing of the petition.").

We conclude that the same reasoning applies in juvenile delinquency adjudications. Collateral consequences may continue from a juvenile delinquency adjudication even where the juvenile is no longer subject to supervision, including that a juvenile record may appear on subsequent presentence investigation reports and could impact a judge's sentencing decision. Thus, there is a presumption of collateral consequences of such an adjudication that prevents a challenge to that adjudication from becoming moot at the completion of juvenile supervision. However, after the juvenile's record is sealed, *see* NRS 62H.140 (addressing the sealing of juvenile records, which generally occurs when the juvenile reaches age 18), a juvenile delinquency adjudication no longer carries a presumption of collateral consequences. *See* NRS 62H.030(3)(b) ("The following records and information may be opened to inspection without a court order: . . . [r]ecords which have not been sealed and which are required by the Division of Parole and Probation for preparation of presentence investigations and reports pursuant to NRS 176.135 or general investigations and reports pursuant to NRS 176.151 . . . ."). Here, I.S. is still a minor, so his record could be included in presentence investigation reports addressing any subsequent juvenile delinquency matters involving I.S. Because collateral consequences of this adjudication are presumed to remain, I.S.'s appeal is not moot.

*NRS 62C.200(1)(b)'s requirement for prosecutorial consent, as incorporated in NRS 62C.230, does not violate the separation of powers doctrine*

Consistent with his argument below, I.S. argues that NRS 62C.200(1), as incorporated in NRS 62C.230, creates an unconstitutional prosecutorial veto because it conditions the juvenile court's sentencing powers on the approval of the district attorney. The State argues that the statute does not create a separation of powers problem because the juvenile

court is not exercising its sentencing discretion when it dismisses a petition without prejudice, and unlike the district court in adult criminal cases, the juvenile court's authority is not derived from the constitution and is instead limited to the authority expressly prescribed to it by statute. We agree with the State.

We review the constitutionality of a statute de novo. *State v. Second Jud. Dist. Ct. (Hearn)*, 134 Nev. 783, 786, 432 P.3d 154, 158 (2018). "Because statutes are presumed to be valid," I.S. bears the heavy burden of demonstrating that NRS 62C.200(1)(b)'s requirement for prosecutorial consent as incorporated in NRS 62C.230 is unconstitutional. *Aguilar-Raygoza v. State*, 127 Nev. 349, 352, 255 P.3d 262, 264 (2011); *Douglas Disposal, Inc. v. Wee Haul, LLC*, 123 Nev. 552, 557, 170 P.3d 508, 512 (2007). Under NRS 62C.230, "[i]f the district attorney files a petition with the juvenile court, the juvenile court may . . . [d]ismiss the petition without prejudice and refer the child to the probation officer for informal supervision pursuant to NRS 62C.200." NRS 62C.200(1) provides that a child against whom a complaint has been made "may be placed under the informal supervision of a probation officer if:"

> (a) The child voluntarily admits participation in the acts alleged in the complaint; and

> (b) The district attorney gives written approval for placement of the child under informal supervision, if any of the acts alleged in the complaint are unlawful acts that would have constituted a gross misdemeanor or felony if committed by an adult.

Both the United States Constitution and the Nevada Constitution contain separation of powers provisions requiring the "discrete treatment of the three branches of government." *Comm'n on Ethics v. Hardy*, 125 Nev. 285, 292, 212 P.3d 1098, 1103 (2009); *Hearn*, 134 Nev. at

SUPREME COURT
OF
NEVADA

(O) 1947A

7

786, 432 P.3d at 158; *see* Nev. Const. art. 3, § 1(1). "But 'Nevada's Constitution goes one step further; it contains an express provision prohibiting any one branch of government from impinging on the functions of another.'" *Hearn*, 134 Nev. at 786, 432 P.3d at 158 (quoting *Hardy*, 125 Nev. at 292, 212 P.3d at 1103-04); *see* Nev. Const. art. 3, § 1(1). Our caselaw supports the proposition "that charging decisions are within the executive realm and sentencing decisions are inherently judicial functions." *Hearn*, 134 Nev. at 786, 432 P.3d at 158. Once a court has been granted sentencing discretion, it "cannot be conditioned upon the prosecution's approval without running afoul of the separation of powers doctrine." *Id.* at 787, 432 P.3d at 158.

In *Steven Daniel P.*, this court analyzed the plain language of the statutes at issue here. 129 Nev. 692, 309 P.3d 1041 (2013). There, the juvenile court dismissed a juvenile delinquency petition and referred the juvenile to informal supervision without the written approval of the district attorney. *Id.* at 695, 309 P.3d at 1043. Applying the statutes, we concluded "that written approval is required from the district attorney before the juvenile court can place a juvenile under informal supervision when the juvenile has allegedly committed an unlawful act that would be a gross misdemeanor or a felony if committed by an adult." *Id.* at 697, 309 P.3d at 1044. Further, relying on *State v. Barren*, we concluded the juvenile court's discretion to dismiss the petition and refer Steven for informal supervision was expressly limited by statute. *Id.* at 700, 309 P.3d at 1046 (citing *State v. Barren*, 128 Nev. 337, 341, 279 P.3d 182, 184 (2012) ("[T]he juvenile court system is a creation of statute, and it possesses only the jurisdiction expressly provided for it in the statute." (quoting *Kell v. State*, 96 Nev. 791, 792-93, 618 P.2d 350, 351 (1980)))). While the State posited that the

juvenile court's dismissal and referral without the written approval of the district attorney usurped the legislative and executive power provided under the separation of powers doctrine, we did not conduct a separation of powers analysis, instead relying on our conclusion that the court had exceeded its statutory authority to reverse. *Steven Daniel P.*, 129 Nev. at 700, 309 P.3d at 1046.

In *Hearn*, we analyzed Nevada's separation of powers doctrine within the context of a district court's decision to assign a criminal defendant to the veterans court program. 134 Nev. at 787, 432 P.3d at 159. At the time, NRS 176A.290(2) required the stipulation of the prosecuting attorney before a district court could assign an eligible defendant to veterans court if the offense charged or the defendant's prior convictions involved the use or threatened use of force or violence. *Id.* at 783-84, 432 P.3d at 156. We held the prosecutorial-consent element constituted a prosecutorial veto, which violated the Nevada Constitution's separation of powers doctrine. *Id.* at 788, 432 P.3d at 159. We characterized assignment to the veterans court program as "a statutorily approved alternative to entering a judgment of conviction and imposing a term of incarceration." *Id.* at 787, 432 P.3d at 159. In analyzing the application of the separation of powers doctrine in this context, we stated "the principle gleaned is that once a defendant's guilt has been determined, the prosecutor's charging discretion is complete and the judiciary's sentencing discretion, if any, is all that remains." *Id.*

Applying that reasoning in the juvenile context, we conclude that a juvenile court's decision to dismiss a petition without prejudice and refer a juvenile to informal supervision is not a sentencing decision, as it does not involve imposition of a period of detention or imposition of

requirements under the supervision of the court with consequences to be imposed by the court if they are not satisfied. 6 Wayne R. LaFave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, *Criminal Procedure* § 26.1(a), at 863 (4th ed. 2015) (categorizing sentencing options into five categories: "capital punishment, incarceration, community release (probation), intermediate sanctions [(typically a combination of incarceration and probation or a suspended term of incarceration)], and financial sanctions"); *see Sentencing*, Legal Information Institute, https://www.law.cornell.edu/wex/sentencing (last visited Feb. 14, 2024) ("A criminal sentence refers to the formal legal consequences associated with a conviction. Types of sentences include probation, fines, short-term incarceration, suspended sentences, which only take effect if the convict fails to meet certain conditions, payment of restitution to the victim, community service, or drug and alcohol rehabilitation for minor crimes. More serious sentences include long-term incarceration, life-in-prison, or the death penalty in capital murder cases."). NRS 62C.230 does not implicate the juvenile court's sentencing discretion because it permits the juvenile court to simply dismiss the petition with a referral for informal supervision without entry of judgment or any further involvement or supervision of the juvenile court. *Hearn* is distinguishable because the assignment of a criminal defendant to a program like veterans court is a procedure that occurs in lieu of a defendant being sentenced to a term of incarceration and the district court maintains involvement in the case after it assigns a defendant to veterans court. If the defendant is not successful in their completion of the program, which is supervised by the court, the district court may enter a judgment of conviction and impose an appropriate sentence. *See* NRS 176A.290(2)(b). Alternatively, if the defendant is successful in their completion of the

program, the district court may then discharge the defendant and either dismiss the proceedings or set aside the judgment of conviction. *See* NRS 176A.290(3)(a).

Conversely, when a juvenile court exercises its discretion under NRS 62C.230 to dismiss a petition, there is no further involvement from, or supervision by, the juvenile court. Should a juvenile fail to comply with the requirements of informal supervision, the onus is on the district attorney to refile the petition if the juvenile is to face formal adjudication. *See* NRS 62C.200(6) ("The district attorney may not file a petition against the child based on any acts for which the child was placed under informal supervision unless the district attorney files the petition not later than 180 days after the date the child entered into the agreement for informal supervision."). NRS 62C.230 provides no mechanism for a juvenile court to directly formally adjudicate a juvenile as delinquent if they fail to complete all terms of informal supervision. Permitting the juvenile court to dismiss a petition without prejudice and refer a juvenile to informal supervision under NRS 62C.230 without the written approval of the district attorney would be analogous to permitting the juvenile court to accept a plea bargain from a juvenile without the district attorney's involvement in the bargaining for and acceptance of a plea. *Cf. People v. Andreotti*, 111 Cal. Rptr. 2d 462, 465, 469, 471 (Ct. App. 2001) (determining that a trial court could not defer entry of judgment without the State's consent because it would be an unconstitutional infringement on the State's ability to plead and prosecute a case). Further, unlike the situation addressed in *Hearn*, which pertained to the district court's authority as set forth in the constitution, the juvenile court is entirely a creature of statute, and its authority is expressly limited to that provided to it by the Legislature. *Barren*, 128 Nev. at 341, 279 P.3d

SUPREME COURT
OF
NEVADA

(O) 1947A

11

at 184. For this reason, and because dismissal and referral of a juvenile for informal supervision under NRS 62C.230 does not constitute an exercise of the juvenile court's sentencing discretion, we conclude that the prosecutorial-consent requirement of NRS 62C.200(1)(b), as incorporated in NRS 62C.230, does not violate the separation of powers doctrine.

## CONCLUSION

We conclude that I.S.'s appeal is not moot because, like an adult criminal conviction, a formal adjudication of juvenile delinquency carries with it a presumption of collateral consequences until the juvenile reaches age 18 and/or their juvenile record is sealed. We also conclude that NRS 62C.230's incorporation of NRS 62C.200(1)(a)'s prosecutorial-consent requirement does not violate the separation of powers doctrine. When a juvenile court exercises the option to dismiss a petition under NRS 62C.230, it is not exercising its sentencing discretion. Rather, the option to dismiss a petition without prejudice and refer a juvenile to informal supervision under NRS 62C.230 is more akin to a charging decision. Therefore, the requirement for the written approval of the district attorney before a juvenile court can dismiss a petition at this stage is not an unconstitutional prosecutorial veto and does not run afoul of the separation of powers doctrine. We therefore affirm the order of the district court.

_____, C.J.
Cadish

We concur:

_____, J.
Pickering

_____, J.
Bell

SUPREME COURT
OF
NEVADA

(O) 1947A

12